JOHN B. SPENCER, Plaintiff in Error, *vs.* JOHN L. ANNON, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The notice of sale on a foreclosure by advertisement under the Statute, must contain certain specifications, the omission of any one of which would be fatal to the sale. In stating the amount claimed to be due under the mortgage, while it may not be necessary to state the exact amount due, and while mere errors of computation of interest may not render the sale void, yet a party cannot arbitrarily or wantonly claim in his notice, a sum which neither the terms of the contract, nor any legitimate calculation based thereon, will justify. And where the amount claimed in the notice, exceeded by more than one half, the amount which any calculation based upon the note would produce, the sale was set aside.

Points and authorities of the Plaintiff in Error :

*First.*—The said notice of mortgage sale was irregular and void, and that the claim of said Annan, that the sum of $1,606.60, *was*, on the fourth day of October, 1858, when in fact, only the sum of $964.62 was due, is, and was a fraud *in law* upon the Plaintiff in error, and it is wholly immaterial whether Defendant intended the consequences of said claim as an injury or not.

It is not claimed that the terms of the note are other than as stated in the mortgage, and therefore, he had no excuse that the terms of the note justified any such computation or claim; and the fact that he bid in the property at $1,386, shows said unwarrantable claim as an injury, and evidences the intent. 1 *Hilliard on Mort.* 101; 11 *Paige Ch.* 619.

Points and authorities of Defendant in Error :

*First.*—That the notice of sale stated that the mortgagee claimed to be due more than was actually due, does not invalidate the sale, if it were not from a fraudulent purpose, but from a mistake of his legal rights. *See* 11 *Paige* 626, *Jencks vs. Alexander;* 1 *Hill.* 110, *Black vs. Bronkheit.*

The Statute does not require the notice to state the amount actually due, but only what is claimed to be due. *See Comp. Stat.* 644, *Sec.* 5.

SMITH & GILMAN, Counsel for Plaintiff in Error.

J. & C. D. GILFILLAN, Counsel for Defendant in Error.

*By the Court.*—EMMETT, C. J. The record in this case discloses the following facts : The Plaintiff held a note against the Defendant for $920, dated July 22d, 1857, payable six months from date. The amount named included the interest to maturity. The note was secured by a mortgage, containing an ordinary power of sale, on the real estate in controversy. On the fourth day of October, 1858, no part of the note having been paid, the Plaintiff proceeded to foreclose the mortgage, by advertisement under the statute. At the date of first publication of the notice of sale the note, with the

interest added, amounted to $964.62 only. Yet the notice stated the amount claimed to be due, at $1,606.60, or about sixty-five per cent. more than the note called for. The notice was published the requisite time, and at the time specified therein, the property was sold for the sum of $1,386, the Plaintiff himself becoming the purchaser, but without paying to the officer making the sale, or to the mortgagor, the overplus, after discharging the note, and costs of sale.

A sale made under such circumstances, ought not to be sustained. When the holder of a mortgage, instead of proceeding to foreclosure by judicial proceedings, wherein all interested are necessary parties, and in which all questions may be regularly determined by a competent tribunal, resorts to the power contained in the mortgage, thus taking the remedy in his own hands, by an *ex parte* proceeding, it is but reasonable that he should be kept strictly within the terms of the power, and held to a rigid observance of all the requirements of the Statutes which regulate its exercise, The published notice that the property will be sold, is all the notice that parties interested have of this proceeding, and this notice the Statute declares, must contain certain specifications, any one of which it would be fatal to omit. One of these specifications is, that the notice shall state the amount claimed to be due upon the mortgage at the date of the notice.

We do not hold that it is absolutely necessary to state with certainty the exact amount legally due ; for a party under a mistake of law or fact, may honestly claim more than by law he would be entitled to, and if the other party is not shown to be prejudiced thereby, the sale should not be disturbed. The mortgagee may be ignorant of, or contest certain alleged payments. He may estimate the amount according to the strict terms of the contract, or may err simply in a computation of the interest. And if, under such circumstances, he claims more than he could legally recover, it does not necessarily vitiate the sale. Perhaps any amount within the terms of the contract, may in good faith be claimed without affecting the legality of the notice. But we do hold that a party cannot arbitrarily or wantonly claim in his notice a sum which neither the terms of the contract, nor any legitimate calcula-

tion based thereon will justify. An excess, of trifling amount, arising from a mere error of computation, would not be deemed material, but we cannot regard the present case as one of that kind ; for here the sum claimed exceeds, by more than one half, the amount which any calculation based upon the note, would produce ; and whether this was done arbitrarily and wantonly, or through ignorance merely, it cannot be excused. We think the notice given by the Plaintiff was not in accordance with the Statute, and that it tended to prejudice the mortgagor, and to discourage competition at the sale.

In stringent times, such as the people of this State have experienced for the last three years, real property, at a forced sale, seldom brings anything near its actual value. When the creditor enters the list as a bidder at a sale, he has an advantage over all others, inasmuch as he may bid to the extent of his claim without paying out any money except for costs, while others bid, knowing that they must respond in money to the full extent of their bids, unless they can arrange, as to the excess, after the claim is satisfied, with the party entitled thereto.

The greater the amount therefore due the mortgagee, the greater the amount required of others to enable them to compete with him, and consequently the narrower the circle of bidders. If property worth a thousand dollars is offered at public sale to satisfy a mortgage of a hundred dollars only, I may arrange with the mortgagor to whom the surplus is coming, so that I can bid, knowing that I have really but an hundred dollars, the amount of the claim, to pay at the time ; and as soon as enough is bid to satisfy the mortgage, I am on equal terms with the mortgagee. But, if his mortgage is five hundred dollars, I may be deterred from attempting to procure so large an amount, and no one, unable to pay at once a sum equal to that claimed to be due, will attempt to bid at the sale. To the extent therefore, of the amount due on the mortgage, the mortgagee, it seems to me, has an advantage over all competitors, and if he may arbitrarily claim any sum he pleases, to be due, the advantage is still more apparent, especially, if the sale made to him, should be held valid without his paying over the excess.

We think the sale made in this case should be set aside, as irregular, and as the right of the Plaintiff to recover the possession of the property in this action, depends entirely upon the validity of the sale, the decision of this question determines the case.