JOSEPH DICKERSON and Wife *vs.* GEORGE B. HAYES.

June 24, 1879.

**Statutory Redemption after Foreclosure by Advertisement.**—After the foreclosure of a mortgage upon real estate under the power, the only right of re 'emption, by mere act of the parties, is that given by statute, and can be exercised only as prescribed in the statute.

**Same—Amount to be tendered.**—Such a redemption cannot be made by a tender of less than the amount for which the property was sold, with interest, even where the foreclosure was for more than was actually due on the mortgage.

**Action to Redeem.**—After such a foreclosure, for more than is actually due, the court may, upon a proper showing, allow the mortgagor to redeem by paying what was justly due upon the mortgage. But the mortgagor must show an excuse for not applying to the court before the foreclosure to prevent a sale for more than was due.

Appeal by plaintiffs from an order of the district court for Mower county, *Page,* J., presiding, sustaining a demurrer to the complaint.

*D. B. Johnson, Jr.,* and *Geo. N. Baxter,* for appellants.

*E. O. Wheeler,* for respondent.

GILFILLAN, C. J. The complaint seeks to have a mortgage of real estate, and the certificate of sale on foreclosure by advertisement, adjudged satisfied; the record of them cancelled, and the premises declared free from the lien thereof; or, in case that is not done, that an account be taken, and the plaintiffs allowed to redeem from the sale.

The complaint alleges that the plaintiffs were ready and willing to and offered to pay the amount actually due and owing on the mortgage before the foreclosure. But this allegation is utterly insufficient to make out a tender, because it does not show a production of the money and an offer of it to the defendant, nor any excuse for its non-production, because the amount which plaintiffs were ready and willing and offered to pay is not stated, and because there is not enough in the complaint to enable the court to determine how much was then actually due. Neither the rate of interest nor the date of the offer is stated.

A tender of a specific amount on a day named, after the foreclosure, is stated, but it was less than the amount at which the premises were bid in. At that time the right to redeem from the sale by mere act of the parties depended wholly on the statute, and was to be exercised in the manner designated in the statute. The statute requires the party redeeming to pay the money for which the property was sold, with interest. An attempt to exercise this statutory right, by tendering less than the amount required by statute, cannot, in any case, have the effect of a redemption, and annul the sale or pass the title to the redemptioner. The plaintiffs are, therefore, not entitled to have the certificate of sale cancelled.

To sustain the prayer for an accounting, and for plaintiffs

being allowed to redeem by paying the amount found due thereon, the complaint alleges payments on the mortgage debt, which show that the notice of sale claimed to be due at least fifty per cent. more than could be due at any rate of interest which parties might by law agree upon. The amount bid at the sale was at least for all so claimed, the costs incurred in the sale, and the amount stipulated in the mortgage for attorneys' fees on foreclosure.

That, after a sale for such excessive claim, where the mortgagee bids in and still holds the property, the mortgagor may be allowed to pay what is actually due, and so redeem, upon a proper showing, is undoubtedly true. The court might allow the redemption, not under the statute, but in the exercise of its equitable jurisdiction to relieve a party from the consequences of mistake, accident or fraud, actual or constructive. But to make a case for a court of equity to grant relief against such a foreclosure, it must appear that the hardship complained of was not brought upon the party by his own inexcusable neglect. Equity always discountenances laches and neglect. So where the party by timely diligence may prevent the condition of things from which he seeks to be relieved, in general the court will not grant him relief unless he shows an excuse for not using such diligence. This rule is laid down in *Johnson* v. *Williams*, 4 Minn. 183, (260,) where the application was, after a foreclosure, to have a resale directed in the inverse order of alienation, on the part of a purchaser from the mortgagor before foreclosure; and it was acted on, even in an action at law, in *Bidwell* v. *Whitney*, 4 Minn. 45, (76.) In that case a foreclosure had been made, the mortgagee purchasing for an amount arrived at by computing interest at the rate of five per cent. per month after maturity, as stipulated in the mortgage note. This court having held such a stipulation invalid, the mortgagor sued to recover the excess of the bid above what was legally due on the note, and the court held that the mortgagor ought to have interposed to prevent a sale for the excess.

When the mortgagor applies to the court, as a court of equity, to be relieved in case of a foreclosure for an amount as to part of which he may have a defence, he must show an excuse for not app ying to the court before the sale was had. If he cannot show such excuse, he must abide the consequences which his own neglect has brought about.

This complaint does not attempt to show any excuse, nor to charge fraud against the foreclosure.

Order affirmed.