JOHN G. SEILER *vs.* HERVEY J. WILBER.

July 17, 1882.

Foreclosure—Excessive claim in Notice of Sale—Purchase by Mortgagee—Remedy of Mortgagor.—Where a mortgagee forecloses under the power of sale, and in his notice claims as due an amount greater than is allowed by the terms of the mortgage, after deducting payments, and bids in the property at that amount, he is liable to the mortgagor for the excess.

29  807
55  441

Appeal by defendant from a judgment of the district court for Hennepin county, where the action was tried by *Vanderburgh,* J., without a jury.

*L. M. Stewart,* for appellant.

*Rea, Woolley & Kitchel,* for respondent.

GILFILLAN, C. J.* The plaintiff, March 31, 1873, executed to defendant a mortgage upon real estate, with the usual power of sale, to secure a promissory note for $525. Several payments were made on this note. March 15, 1879, defendant foreclosed the mortgage under the power. In his notice of sale he claimed as due considerably more than was due by the terms of the note and mortgage, after deducting the payments. He bid in the premises at the sale at a sum equal to the amount so claimed and the costs of foreclosure. Plaintiff afterwards redeemed, paying the amount so bid, with interest and costs. This action is brought to recover the excess of the amount bid at the sale over the amount actually due by the terms of the note and mortgage, with interest and costs of foreclosure, after deducting payments. The court below rendered judgment for plaintiff for such excess. Upon the facts found there is no way to account for the amount claimed by defendant in his notice of sale, except by assuming that he omitted to allow for any of the payments.

The defendant relies upon *Bidwell* v. *Whitney,* 4 Minn. 45, (76;) *Culbertson* v. *Lennon,* Id. 26, (51;) *Taylor* v. *Burgess,* 26 Minn. 547;

*Vanderburgh, J., by whom the cause was tried in the district court, took no part in the decision of this appeal.

and *Dickerson* v. *Hayes*, Id. 100. The first three of these cases go no further than to hold that where a mortgagor permits the mortgagee to foreclose under the power, claiming to be due according to the express terms rather than the legal effect of the mortgage, he cannot afterwards call in question the validity of the claim. None of them suggests that the mortgagor is bound, merely by his silence during the foreclosure proceedings, by a claim in the notice of sale not justified by the express stipulations of the parties, or by a claim which ignores payments that have reduced the amount that the mortgagee may claim under those stipulations. The basis of those decisions is that if a man expressly agree to pay more than the law will enforce against him, he may abide by the terms of his contract, if he chooses; and that he does so abide by them, if he remain silent while the other party is proceeding to enforce the contract according to its terms. But it is only to the extent that the mortgagee is justified in the amount claimed by the terms of his mortgage that he is protected under these decisions.

The ground of the decision in *Bidwell* v. *Whitney*, which the others followed, is stated more clearly than in that case in *Banker* v. *Brent*, 4 Minn 408, (521;) *Bennett* v. *Healey*, 6 Minn. 158, (240,) and *Bailey* v. *Merritt*, 7 Minn. 102, (159.) In the last two of these cases the amounts claimed in the notices, and produced by the foreclosure, were in excess of the terms of the mortgages, and it was held that action for such excess, as for money had and received, would lie.

In *Spottswood* v. *Herrick*, 22 Minn. 548, the sum claimed in the notice and produced by the sale was within the terms of the mortgage, but the mortgagee had made no allowance in the notice for payments which had been made. The plaintiff, having redeemed by paying the full amount bid, sued to recover the excess, and the action was sustained. That case is almost identical with this, and controls the decision in this.

The right to recover the excess was not touched upon by the case of *Dickerson* v. *Hayes*, 26 Minn. 100. That case decides only that where the mortgagor, after a foreclosure under the power of sale, brings an action to set aside the foreclosure, or for leave to redeem

by paying less than the sum bid, on the ground that too much was claimed in the notice, he cannot have such relief without showing an excuse for not applying before the sale was had.

In this case the defendant has received from plaintiff's property more than was due him, and more than he had any pretext to claim, and the excess rightfully belongs to plaintiff.

Judgment affirmed.

MITCHELL, J. I concur in the decision of this case, but not in what is said by way of distinguishing it from *Dickerson* v. *Hayes,* 26 Minn. 100. It seems to me that the two cases are in principle inconsistent with each other, and that the present case virtually overrules *Dickerson* v. *Hayes.*