RALPH F. RUSSELL & another *vs.* JOSIAH BON.

Suffolk. March 26, 1915. — May 24, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE,. & CARROLL, JJ.

*Mortgage,* Of real estate: notice of foreclosure sale. *Notice.*

If the holder of a third mortgage of real estate in a notice of a sale in foreclosure of his mortgage states more than the facts recited in his mortgage as to the condition of the debts secured by the first and second mortgages and undertakes to make a statement as to the present amount due on either of those debts, he does so at his peril.

The holder of a third mortgage upon real estate which contained a statement that it was "subject to a first mortgage for $10,000, and a second mortgage upon which there now remains unpaid the sum of $3,350," in an advertisement of a sale in foreclosure of his mortgage stated, "Said premises will be sold . . . subject to said first mortgage for $10,000, to said second mortgage upon which there now remains unpaid the sum of $3,350 (the undersigned is informed that said second mortgage has been reduced by payments on account thereof)." At the time of the advertisement there was due but $1,100 on the second mortgage. The premises were sold at the foreclosure sale to the mortgagee. *Held,* that the sale was voidable by the owner of the equity of redemption, because the statement in the advertisement reasonably might have been understood to mean that the debt secured by the second mortgage had been more than $3,350 and had been reduced only to $3,350, and thereby possible purchasers might have been kept from the sale because of an apparent lack of an equity worth purchasing.

BILL IN EQUITY, filed on November 30, 1914, by the alleged owners of the equity of redemption in a parcel of land with the buildings thereon numbered 5 on Parkman Street in Boston to set aside a sale in foreclosure of a third mortgage on the property.

In the Superior Court the case was heard by *Fox,* J., who refused to make certain rulings asked for by the plaintiff, among them the eighth, which is quoted in the opinion, and ordered a decree that the bill be dismissed. The plaintiff alleged exceptions.

*J. C. Johnston,* for the plaintiff Russell.

*Lee M. Friedman,* for the defendant.

PIERCE, J. By the terms of the instrument of conveyance this, a third mortgage with a power of sale, was made "subject to a first mortgage for $10,000, and a second mortgage upon which there now remains unpaid the sum of $3,350."

On September 17, 21 and 28, 1914, following an admitted default in the performance of a condition of the mortgage relating to the payment of the debt thereby secured, the mortgagee, by virtue of the power, advertised the sale of the mortgaged premises by public auction on the premises on October 10, 1914, at which time and place the sale was adjourned until October 13, 1914. On the last named day the premises were sold to the mortgagee.

The advertisement literally followed the description of the premises found in the mortgage, as also the provisions therein contained that the conveyance was "subject to a first mortgage for $10,000, and a second mortgage upon which there now remains unpaid the sum of $3,350." The advertisement continued: "Said premises will be sold, together with said rights in Seabury Place and subject to said first mortgage for $10,000, to said second mortgage upon which there now remains unpaid the sum of $3,350, (the undersigned is informed that said second mortgage has been reduced by payments on account thereof)." The parenthetical statement that the second mortgage had been reduced by payments on account thereof, when read with the statement in the mortgage deed and repeated in the advertisement of sale that "there remains now unpaid the sum of $3,350" reasonably might be interpreted by a not over critical reader fairly and reasonably to mean that the debt originally secured by the second mortgage was in excess of $3,350, and that by reason of payments there now remains unpaid the sum of $3,350. It also might mean, as it undoubtedly was intended by the mortgagee to be understood, that there was reason to believe that the second mortgage debt was something less than $3,350.

Before exercising the power of sale the mortgagee was held to strict observance of all express and implied conditions precedent contained in the mortgage or imposed by law. He was under no legal obligation to ascertain whether the first or second mortgage had been paid in whole or in part; much less was it his duty to make any statement in the advertisement of sale with reference thereto. It sufficed to state the facts as found in the instrument creating the power. Other statements he made at his peril.

There is no reason to suspect, much less to assert, an intent

to mislead possible purchasers. Nevertheless such persons well may have been misled by the form of the advertisement to the belief that the second mortgage stood as security for a debt larger by $2,250 than it was in fact, and therefore, because they could see no possible equity, did not attend the sale. See *Way* v. *Dyer*, 176 Mass. 448.

The request numbered 8, "If it appears that the amount originally due upon the second mortgage had been substantially reduced, the notice of foreclosure setting forth that the premises were sold subject to a second mortgage upon which there now remains unpaid the sum of $3,350, without stating the amount of said balance with substantial accuracy, is insufficient and a foreclosure sale in accordance with the terms thereof is invalid, even though the notice contained the further statement that the mortgagee was informed that said second mortgage had been reduced by payments on account thereof," as applied to the facts of the case at bar should have been given in substance. *Model Lodging House Association* v. *Boston*, 114 Mass. 133, 139.

The exceptions should be sustained and a decree should be entered declaring the sale to be invalid and void.

*Ordered accordingly.*