No. 9821.

WEST v. BATES, ET AL.

Decided July 5, 1921. Rehearing denied November 7, 1921.

Action to cancel certificate of sale under trust deed, and to enjoin the issuance of a trustee's deed. Judgment for defendants.

*Reversed.*

1. CONTRACT—*Construed.* Contract involving a real estate transac-

tion and the disposition of notes and securities relating thereto, construed.

2. TRUST DEED—*Foreclosure.* A trust deed may be foreclosed only for the amount due on the indebtedness, and if made for an excessive amount, the certificate of sale may be cancelled and the issuance of a trustee's deed enjoined.

*Error to the District Court of Alamosa County, Hon. Jesse C. Wiley, Judge.*

Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. E. M. SABIN, for defendants in error.

*Department Three.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error was plaintiff, and defendants in error · defendants, in the trial court. West and Bates consummated a real estate deal evidenced by a written contract, in pursuance of which West executed and delivered to Bates two notes for $1250 each, one secured by a trust deed on 80 acres of land in Alamosa County, Colorado, and the other secured by a collateral note for $2500, known as "the Nuckles note." Concerning the latter the contract provides:

"It is hereby further agreed by the parties hereto that whatever amount is realized on the above mentioned collateral note, by the said Bates, is to be credited on the above mentioned notes of $1250 each the said Bates to have the privilege of handling the said $2500 note and collecting the same, and when the said $2500 note is paid in full or realized on or disposed of by the said Bates then the said Bates agrees to deliver to the said West, the above mentioned notes of $1250 each and release the above mentioned deed of trust."

Thereafter one Doughty, a real estate agent, being indebted to Bates in the sum of $350, and having in his possession a note of West for the sum of $1600, presumably secured, made a deal with Bates whereby he transferred to

him the said $1600 note, obtained the cancellation of his $350 indebtedness, the possession of "the Nuckles note," and the cancellation and delivery to West of the $1250 note which was secured by "the Nuckles note."

Upon maturity of the remaining $1250 note, and the failure of West to pay the same, Bates caused the trust deed to be foreclosed and at the sale bought the 80 acre tract covered thereby. Thereupon plaintiff brought this action to cancel the certificate of sale and enjoin the issuance of the trustee's deed, on the ground that Bates' disposition of "the Nuckles note" to Doughty entitled him (West), under the clause of the written contract above set forth, to a cancellation and surrender of both $1250 notes. In answer to this position it was the contention of Bates that Doughty, in procuring from him "the Nuckles note," acted as the agent of West. The court apparently so found, and denied plaintiff the relief sought. To review that judgment plaintiff brings error.

The contentions maintained by the respective parties in the trial court are urged here. The record is somewhat involved, the evidence extensive, covering every phase of this transaction, as well as several others, and involving numerous other persons, and the briefs do not greatly aid us in untangling the skein.

We are of the opinion that no consideration need here be given to any facts other than those above set forth. It seems that a simple construction of the language of the contract above quoted, and the straightening of a single kink in this record, disposes of the entire matter on a question of admitted fact and without the citation of authority.

It is perfectly apparent that under the contract Bates had a right to dispose of "the Nuckles note" as his judgment should dictate. It was contemplated that he might realize therefrom sufficient to pay both the $1250 notes, in which event he agreed "to deliver to the said West the above mentioned notes of $1250 each and release the above mentioned trust deed." It was contemplated also that he

might realize from "the Nuckles note" less than the face thereof, in which event said amount was "to be credited on the above mentioned notes of $1250 each."

Bates, acting within the authority conferred upon him by said contract, actually sold "the Nuckles note" for said $1600 note, which was thereafter paid in full. Had he obtained but $1250, instead of $1600, and thereupon cancelled and delivered to West the $1250 note secured by "the Nuckles note," the judgment of the trial court would have been correct. But Bates, by contract with West, had bound himself to credit the total amount realized from "the Nuckles note" ($1600) on the two $1250 notes. His blunder was his contract with Doughty to credit the surplus over and above $1250 ($350) on Doughty's indebtedness to him. Doughty thus secured "the Nuckles note" and cancellation of his $350 indebtedness to Bates and left Bates bound to credit the same $350 on the remaining West note.

It is immaterial whether Doughty, in procuring from Bates "the Nuckles note," was, or was not, the agent of West. If he was West cannot complain of the transaction. If he was not West cannot complain because his contract gave Bates full authority to deal with "the Nuckles note" as he did.

Assuming that Doughty, when he obtained "the Nuckles note" from Bates, was in fact the agent of West, the situation as to the credit of $350 allowed by Bates to Doughty remains unchanged, as there is no contention that Doughty acted with respect to that matter in any other than his individual capacity.

The foreclosure which the plaintiff West seeks to set aside, was made for an excessive amount, i. e., the full face of the $1250 note and interest. It could only have been made for the balance due after crediting thereon the surplus, realized from Bates' disposition to Doughty of "the Nuckles note," over and above the amount necessary to pay the $1250 note of West, i. e., $350.

The judgment is accordingly reversed and the cause remanded with directions to enter judgment enjoining the

issuance of a trustee's deed under the sale complained of, and cancelling the certificate, without prejudice to the right of Bates to have the trust deed in question foreclosed to enforce the payment of the balance due on the remaining West note after the crediting thereon of the amount above designated.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BAILEY concur.