## PETERSON v. JOHNSON, ET AL

(No. 1830; January 16, 1934; 28 Pac. (2d) 487)

474

The cause was submitted for the appellants upon the brief of *J. A. Christmas,* of Kemmerer, Wyoming.

For the respondent, there was a brief by *George H. Crosby* of Evanston, and *Kent M. Crosby* of Kemmerer, and oral argument by *Mr. George H. Crosby.*

476

*J. A. Christmas* in Reply.

BLUME, Justice.

Charles H. Peterson, as plaintiff, brought this action against Charles A. Johnson and W. G. McIlvain on March 17, 1931. He alleged in all of his causes of action that on April 10, 1910, he and his wife executed a promissory note to defendant Charles A. Johnson, for $1200.00, due in one year, drawing ten per cent interest per annum, until due, and drawing

interest at one and one-half per cent per month after it was due, the note being secured by a mortgage, containing the ordinary power of sale on 160 acres of land in what is now Lincoln County, Wyoming. It appears that defendant McIlvain was the sheriff of Lincoln County, and that, commencing on January 22, 1931, notice of foreclosure under the power of sale of the aforesaid mortgage was given, in which the amount due on January 22nd, 1931, was given as the sum of $1892.10 and $150 attorneys' fee, the sale to take place on March 7, 1931. In the first cause of action it was further alleged that the sheriff promised to postpone the sale following an unforeseen accident which disabled plaintiff's attorney to do anything in the case, but that the promise was not kept. Inasmuch as there is no evidence in the record as to these allegations, we shall make no further reference to it. In the second cause of action plaintiff further pleaded that the amount of $1892.10, stated in the notice of foreclosure, was greatly excessive; that there was actually due only the sum of $155.40 and an attorney's fee, which plaintiff offered to pay; that no credit had been given for the sum of $1000 which was paid by plaintiff on the note. In the third and fourth causes of action the plaintiff alleges that the note was given for a one half interest of defendant in a mercantile store, but that the store was insolvent, which defendant Johnson, but not the plaintiff, knew at the time, and that the note was without consideration, and was obtained under duress. In the fifth cause of action the plaintiff pleaded among other things that the note was barred by limitations; these allegations, too, were ignored by the court, so that we need not give them any consideration herein. Plaintiff accordingly prayed that the sale of the premises be declared void; that it be set aside and held for naught, that the sheriff be enjoined

and restrained from proceeding further with the issue of a certificate of sale or deed; that a preliminary injunction be issued and on the trial be made permanent, and for such other relief as to the court might appear to be equitable. A preliminary injunction was issued as prayed. The defendant Johnson filed an answer, admitting the execution of the note and mortgage in question, and the foreclosure of the mortgage, and denied all the other allegations of plaintiff; he further pleaded the execution of the note and mortgage; that it was unpaid, except certain items endorsed thereon; that the mortgage was foreclosed on March 7, 1931, ten days previous to the commencement of this action, and that the defendant Johnson became the purchaser of the premises, bidding the amount claimed to be due and the costs of the proceeding, and that a certificate of sale was issued, subject to the right of redemption of the plaintiff within six months. The case herein was tried to the court, without a jury. The court found that there was due to defendant Johnson on the note the sum of $229.10, plus the sum of $150 for attorneys' fees; judgment was given for that amount against the plaintiff; the preliminary injunction theretofore issued was made permanent, and the premises in question were ordered to be sold to satisfy the sum so found to be due.

1. We must first of all consider the assignment of error that the judgment is not sustained by sufficient evidence. In that connection counsel for the defendant say that the preponderence of the evidence is in favor of the defendant. But that is not the criterion. We have held that the criterion is as to whether or not there is substantial evidence to support the finding of the court. Farmers' State Bank v. Trust Company, 39 Wyo. 46, 270 Pac. 163; Gray v. Elliott, 36 Wyo. 361, 255 Pac. 593, 53 A. L. R.

554. The evidence in the case shows that the note in question was given for the defendant's interest in a mercantile store. That store had, prior to 1905, been conducted by the plaintiff Peterson and one Parsons. Parsons sold out, as to whom and when is in question. Plaintiff claimed that he sold out to him some time prior to 1905, and that the defendant Johnson bought a half interest from him, Peterson, about 1905, paying him therefor the sum of $250. This evidence was introduced for the purpose of showing duress and want of consideration in connection with the note in suit. The defendant Johnson testified that he bought a half interest in the store from Parsons, for the sum of $600, and introduced a check in evidence. This check placed the defendant in an unfortunate position. It purports to be dated June 19, 1905, given to Parsons and Peterson for the sum of $600. It was written in an indelible pencil, and indicates that it was originally given in 1903 instead of 1905. There is furthermore written in ink the words "Half interest in store." These facts warranted the court, we think, in finding, as it undoubtedly did, that changes were deliberately made in the check, and thereupon, doubtless disregarded all testimony given by the defendant, and applied the rule, recognized by this court, of falsus in *uno, falsus in omnibus*. Rue v. Merrill, 42 Wyo. 511, 527, 297 Pac. 379. And he doubtless also rejected the testimony of his relatives. The defendant claimed that the following payments had been made on the note, and no others:

Oct. 18, 1911—Interest to date............$190.75
Oct. 18, 1911—On note............................ 356.92
April 1, 1912—Paid.................................. 15.73
July 15, 1913—Jensen order.................... 61.00
Oct. 7, 1912—Check ............................... 100.00
Dec. 13, 1913—Five cows Heber Jensen 105.00

| | |
|---|---|
| Dec. 13, 1913—Heber Jensen | 10.50 |
| April 27, 1915—Check | 50.00 |
| April 13, 1918—Check | 60.00 |
| Jan. 30, 1921—Cattle | 100.00 |
| July 8, 1925—Check | 25.00 |
| Sept. 3, 1925—Check | 25.00 |

The plaintiff, in his testimony, denied not only, as counsel for defendant claim, that he paid the last two items, but he also twice testified that he had no recollection whatever of paying the first two items, thus putting these items, as well as that of $61.00, in doubt. (Record, 59, 76, 79). He further testified that about the month of October, 1911, he paid the sum of $1000, with which he was not credited. Later, however, he testified that this amount should take the place of the item of $100 placed on the note as of date Oct. 7, 1912, and he further stated that he had no recollection of the item of $60.00 (Record 121). Plaintiff further testified that when he bought the defendant Johnson out, he was coerced in giving the note, but subsequently found, contrary to representations made to him, that there were outstanding a number of accounts against the store; that he was compelled to pay them; that the store was in fact insolvent; that he paid about $800 or $900 on the accounts outstanding, specifically identifying $275.00; and he claims that by reason of the facts the giving of the note was void and without consideration. No request for finding the facts and the law was made, and we can not, accordingly, tell how much of the plaintiff's testimony was believed by the court, except that it is certain that the court rejected the testimony that plaintiff was coerced in executing the note, and that it was wholly without consideration. It also appears that certain amounts were expended in connection with the foreclosure. Hence there are many ways in which the ultimate amount due might be figured. Counsel

have not given us any aid in this connection, and we have been compelled to spend a large amount of time to determine whether or not the court was justified in giving judgment for the amount it did, that is to say, what items of credit the court was justified in deducting from the note in order to arrive at the result which it did. We have been unable to arrive at the result reached by the trial court. But the judgment is presumed to be correct, and appellant must make an affirmative showing of error. Iowa State Savings Bank v .Henry, 22 Wyo. 189, 136 Pac. 863; O'Malley v. Eagan, 43 Wyo, 233, 2 P. (2d) 1063, 77 A. L. R. 582. Counsel for the defendant argue that in giving any judgment for the defendant, the court must have disbelieved the testimony of the plaintiff when he testified that he paid $1000, particularly in view of talks in 1927 and 1930 as to the amount due on the note. He says nothing as to the amount paid out in connection with the sale of defendant's half interest in the store, that is to say, bills which plaintiff claimed to have paid over and above those which were represented to him to be owing. If credit were given for these amounts, or for the amount of $1000 already mentioned, together with the credits endorsed on the note (even without the last two items), it appears that nothing was owing the defendant, but to say that the court necessarily rejected the plaintiff's testimony in that connection, is, we believe, going too far. In fact, the contrary might be argued therefrom. For the judgment should have been much larger than it was, if the court had discredited the testimony of plaintiff. But what part of the testimony the court accepted and what part it rejected, we are unable to tell, and counsel have not pointed it out to us. One thing is certain, namely, that the record discloses that under several theories the judgment of $229.10, aside from at-

torney's fees, is as large, and in fact larger, than that to which the defendant was entitled. The fact that the judgment is larger than it should have been is, of course, in his favor. The plaintiff does not complain thereof. He is the only one that could. Defendant cannot complain of something that is in his favor. Garner v. Brown, 31 Wyo. 77, 223 Pac. 217; Eller v. Salathe, 44 Wyo. 369, 12 P. (2d) 386. If the judgment given can be sustained on any theory, it may be affirmed. 4 C. J. 1132; 4 C. J. 1177. And inasmuch as we are not convinced that the court was bound to reject plaintiff's positive testimony, and the record does not disclose that it did, we see no way by which we can impugn it, and must needs treat it as correct in so far as the amount in favor of defendant is concerned. It is unfortunate that the court was not asked to make a special finding of facts. One thing further might be said: Defendant's reply brief contains a statement that many months prior to the entry of the judgment, plaintiff deposited with the clerk of court, presumably as a tender, the sum of $379.10, the exact amount for which judgment was ultimately rendered, namely, $150 as attorney's fee, and the balance on the amount due on the note. It may be that the court thought that if the defendant was willing to pay that amount, judgment should be rendered for it in favor of the defendant.

2. At the close of the evidence introduced on behalf of the plaintiff, defendant moved for judgment in his favor. The ruling of the court was in the following words: "If you rest, I will entertain the motion, if not, the motion will be overruled and you can have an exception." Counsel for the defendant contends that thereby the court refused to entertain any motion unless he rested. But the effect of the ruling of the court was simply that the motion was not good

at that time, and that in its judgment the plaintiff had made out a prima facie case. After the ruling the defendant introduced his testimony, and it is at least doubtful whether he did not thereby waive the error in the ruling on the motion, if error it was. 4 C. J. 721. But we do not think it was error. The plaintiff had testified that he was entitled to a credit of $1000, and amounts paid on account of debts of the store; that he was not entitled to the last two items of credit endorsed on the note, and he threw doubt on the first two items credited on the note and on the $61 item. If the court believed plaintiff's testimony which it had the right to do, it appeared plainly that the amount claimed in the notice of foreclosure was grossly excessive, which, as hereinafter mentioned, made the foreclosure voidable.

3. The defendant claims that the petition did not state a cause of action for the reason that the various causes of action, or counts, were inconsistent with each other. We do not think that the contention is well taken. The main bases of the petition, stated in different counts, so far as the point now under consideration is concerned, were (1) invalidity of the note in question on the ground of duress; (2) invalidity of the note on the ground of want of consideratin; (3) payment of the note except a small amount thereof, and (4) limitation of action. We see no inconsistency in these claims. Though a man may execute a note under duress, or because of want of consideration, or because it is barred by limitations, he may yet, on grounds deemed by him to be advisable, go ahead and pay it, or any part thereof. It is held that a denial, want of consideration, and payment may all be pleaded in the same pleading. 49 C. J. 220.

4. Counsel argue further that the preliminary injunction should not have been issued. It is evident, however, in so far as that injunction is concerned, that

we could not reverse the case, if error was committed in issuing it, if the ultimate decision rendered herein is correct, for the error would then be without prejudice. State ex rel. v. Luckuck, 44 Wyo. 218, 223, 10 P. (2d) 968; 4 C. J. 948. We shall, accordingly, proceed to consider that point, and in connection therewith the argument that plaintiff should have proceeded at law, if he was not credited with the full amount that he actually paid. In this connection it should be borne in mind that defendant advertised that there was due him $1892, aside from attorney's fees, while the court found that there was due defendant, aside from attorney's fees, only the sum of $229.10. We should further remember that the plaintiff prayed that the sale be declared "fraudulent and void, and be set aside and held for naught" and that the sheriff be "enjoined and restrained from proceeding farther with the issue of a certificate of sale or deed." So that there cannot be anything in the contention that the injunction was issued to restrain something already done. The action is, in the main at least, one to set aside a sale or one to redeem, and it has been held that such action, which is one in equity, may be maintained on account of a misleading error in the notice or sale or where the foreclosure is for more than is due. 41 C. J. 1025; 1034; West v. Bates, 70 Colo. 355, 201 Pac. 562; and see cases infra. In 41 C. J. 953, treating of the subject as to the statement in the notice of the amount due, in case the statute requires the amount to be stated, as it does in our state (Sec. 71-118, Rev. St. 1931), it is said:

"It is sufficient if the amount is given with reasonable certainty, or data given from which it can be computed without going into details * * * * and a mistake or inaccuracy of the amount or an overestimate of what is due, especially if the excess is small, will not vitiate the sale, unless shown to have

been fraudulently intended or to have resulted in injury to the mortgagor; but a gross overstatement of the amount, so excessive that it might deter and discourage bidder, will render the sale invalid."

In Wiltse on Mortgage Foreclosure, (4th Ed.), Sec. 839, it is said:

"If the advertisement of sale contains a false statement tending to deceive the public as to the amount of the incumbrances and thereby deter bidders, the sale will be irregular and void."

Jones on Mortgages, 8th Ed., Sec. 2396, says:

"Where the amount is grossly overstated, or so excessive that it might deter and discourage bidders, it will render the sale invalid."

And the same authority, in treating of the nature of the action to set aside a sale, says in Sec. 2451:

"A mortgage or trustee, in the exercise of a power of sale, must act fairly, and is under very much the same obligation to other parties in interest as a trustee in other cases. So far as other persons are interested in the property, the power is regarded as a trust, and the mortgagee is treated as a trustee in the exercise of it. Fairness and good faith are demanded of him. * * * The right to disaffirm a sale does not partake of the nature of an estate or interest giving rise to it, but is the product of the trust relation under which the vending mortgagee performs the duty raised by the terms of the instrument of mortgage with due regard to the interests of the cestui que trust."

The case of Schwarz v. Sears, Harrington (Mich.) 440, is a case very similar to the case at bar. It was a case brought to set aside the sale on the ground that an excessive amount was charged. The amount, however, does not appear. An injunction was granted on the filing of the bill to restrain the defendant from perfecting the steps necessary in the proceed-

ing and in procuring the deed from the sheriff. It was held among other things that "a foreclosure under a power of sale, if made for an excessive amount, may be set aside before the proceedings under it are perfected, on a bill filed by the debtor for leave to redeem on paying the amount due." See also the case of Huyck v. Graham, 82 Mich. 353, 46 N. W. 781, wherein it was held among other things that a bill to set aside the sale must be treated as one to redeem, though it does not specifically pray for the right to redeem. See also Goodenow v. Curtis, 33 Mich. 505, 510. In the case of Russell v. Bon, 221 Mass. 370, 108 N. E. 1048, the foreclosure notice stated an excessive amount due, by stating that a second mortgage against the premises was for $3350, but that the giver of the notice was informed that the amount had been reduced by payments. The amount actually due on the second mortgage was $1100. It was held that the owner should succeed in an action to redeem, and that the notice given was insufficient and the foreclosure sale invalid. In the case of Burnet v. Deniston, 5 Johns Ch. (N. Y.) 35, there were two mortgages on a 70-acre tract, and a third mortgage on an 11-acre tract. Notice of foreclosure was given of the mortgages on the 70-acre tract, but it included the third mortgage on the 11-acre tract in the amount of $62.50, and the amount due was stated to be that of the three mortgages. The notice was held to render the sale void on account of the excessive amount stated in the notice. The court said:

"The advertisement of sale contained false assertions, and was an imposition upon the public, and a fraud upon the rights of all concerned. It stated, that the 70 acres were to be sold for default of payment of three several mortgages given upon that land, to secure those payments. One of these mortgages was the third one, already mentioned, upon other lands, being 11 acres and a garden spot, and

confessedly not the 70 acres in question. There were, therefore, but two mortgages upon the land to be sold. Such a false allegation tended to deceive the public as to the extent of the incumbrances, and to deter purchasers from bidding."

In the case of West v. Bates, supra, it is held that "foreclosure of a trust deed, being for more than due, issuance of a trustee's deed will be enjoined and the certificate of sale cancelled, but without prejudice to right to foreclosure for the proper amount."

In the case of Jencks v. Alexander, 11 Paige (N. Y.) 619, 627, the court held that when any misstatement as to the amount due is made which is calculated to deter bidders, it is sufficient to avoid the sale. In the case of Spencer v. Annon, 4 Minn. 542 (Gil. 426), the actual amount due was $964.62. But the notice of foreclosure stated the amount due as $1606.60. It was held that the statement of such excessive amount vitiated the sale, when the property was struck off, as in the case at bar, to the mortgagee. The court said:

"A sale made under such circumstances ought not to be sustained. When the holder of a mortgage, instead of proceeding to foreclosure by judicial proceedings, wherein all interested are necessary parties, and in which all questions may be regularly determined by a competent tribunal, resorts to the power contained in the mortgage, thus taking the remedy in his own hands, by an ex parte proceeding, it is but reasonable that he should be kept strictly within the terms of the power, and held to a rigid observance of all the requirements of the statutes which regulate its exercise. The published notice that the property will be sold, is all the notice that parties interested have of this proceeding, and this notice the Statute declared must contain certain specifications, any one of which it would be fatal to omit. One of these specifications is that the notice shall state the amount claimed to be due upon the mortgage at the date of the notice.

We do not hold that it is absolutely necessary to state with certainty the exact amount legally due; for a party under a mistake of law or fact, may honestly claim more than by law he would be entitled to, and if the other party is not shown to be prejudiced thereby, the sale should not be disturbed. The mortgagee may be ignorant of, or contest certain alleged payments. He may estimate the amount according to the strict terms of the contract, or may err simply in a computation of the interest. And if, under such circumstances, he claims more than he could legally recover, it does not necessarily vitiate the sale. Perhaps any amount within the terms of the contract may in good faith be claimed without affecting the legality of the notice. But we do hold that a party cannot arbitrarily or wantonly claim in his notice a sum which neither the terms of the contract, nor any legitimate calculation based thereon will justify. An excess, of trifling amount, arising from a mere error of computation, will not be deemed material, but we cannot regard the present case as one of that kind; for here the sum claimed exceeds, by more than one half, the amount which any calculation based upon the note would produce; and whether this was done arbitrarily and wantonly, or through ignorance merely, it cannot be excused. We think the notice given by the Plaintiff was not in accordance with the Statute, and that it tended to prejudice the mortgagor, and to discourage competition at the sale."

That case, so far as we can find, has never been overruled. But counsel for the defendant has cited us to the case of Dickerson v. Hayes, 26 Minn. 100, 1 N. W. 834, 835. In that case it is said:

"That after a sale for such excessive claim, where the mortgagee bids in and still holds the property, the mortgagor may be allowed to pay what is actually due, and so redeem, upon a proper showing, is undoubtedly true."

But the case then proceeds to hold that to grant such relief a showing should be made that the mort-

gagee was hindered in making such payment before the sale actually took place; that ordinarily the amount bid should be paid. That is perhaps the general rule. Section 89-2967, Rev. St. 1931; 42 C. J. 401. But in a later case, namely, Seiler v. Wilber, 29 Minn. 307, 13 N. W. 136, the court said:

"None of them (the cases) suggest that the mortgagor is bound, merely by his silence during the foreclosure proceedings by a claim in the notice of sale not justified by the express stipulations of the parties, or by a claim which ignores payments that have reduced the amount that the mortgagee may claim under those stipulations."

In that case the mortgagor sued for the excess bid in at the sale over and above the actual amount due, and while in one way it supports, perhaps, Dickerson v. Hayes, supra, in another it is antagonistic thereto, and one of the justices in the later case stated that "it seems to me that the two cases are in principle inconsistent with each other, and that the present case virtually overrules Dickerson v. Hayes." The point now before us was decided in Bean v. Pearce, 151 Ala. 165, 44 So. 83, an action to redeem, in which the amount bid was $150, but where the amount due was less than that. The property was bid in by the mortgagor. It was held that it was not necessary, for the purpose of redemption, to pay the amount bid in, but only the amount actually due, the court saying in part:

"It may be said that the complainant should have tendered the $150, the consideration expressed in the deed executed by respondent to himslf as purchaser at the foreclosure sale; that this sum is the purchase money which was necessary to be tendered to effectuate the redemption under sction 3507 of the Code of 1896, not withstanding the difference between this sum and the amount due upon the mortgage debt has never been paid to the mortgagor. It is true that section requires the debtor to pay or tender to the purchaser the purchase money, with ten per cent

per annum thereon and all other lawful charges; but the purchase money, when the mortgagee, as here, purchases at his own sale, is the amount due upon the mortgage indebtedness, and not such as he may have bid in excess of that amount. Suppose the mortgage debt is $100, and the mortgagee at the sale should bid $1000, to require the mortgagor (debtor) to pay the $1000 and ten per cent per annum thereon would oftentimes absolutely defeat his right to redeem. The $900 in excess of the $100, if the mortgagee is bound by his bid, would belong to the mortgagor, and it would be wholly inequitable and unconscionable to require the mortgagor to pay the mortgagee money which he has in his hands which belongs to the former."

The reasoning in that case appears to us to be so sound that we deem it unnecessary to add anything further to it. We believe that the court was right in entertaining a suit to set the sale aside, and, incidental thereto, issue an injunction, and having found no prejudicial error in the proceeding, the judgment rendered should be and is affirmed.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.