GRAY, Justice.
[¶1] Appellant Gordon James Gunsch obtained an order granting him relief from the requirement to register as a sex offender. The State subsequently moved to vacate the order pursuant to W.R.C.P. Rule 60(b)(1). The district court granted the W.R.C.P. Rule 60(b) motion and revived Mr. Gunsch's registration requirement. Mr. Gunsch appeals. We affirm.
ISSUE
[¶2] We consolidate the parties' arguments into a single issue:
Did the district court abuse its discretion when it granted the State's motion for relief under W.R.C.P. Rule 60(b) ?
FACTS
[¶3] In 1990, Mr. Gunsch was convicted of incest as an adult and was required to register as a sex offender.[1] Later, in 2008, he received three years of unsupervised probation after being convicted on two counts of failing to meet this obligation. Since 2008, he has registered as required and has had no other conviction for any misdemeanor or felony offense.
[¶4] In June of 2018, Mr. Gunsch petitioned the district court to terminate his duty to register as a sex offender under Wyo. Stat. Ann. § 7-19-304(a)(i).[2] Mr. Gunsch *1280 claimed that he met the statutory requirements-he continuously registered for at least ten years, maintained a "clean record" for ten years, and, for his specific crime, he was an offender "adjudicated as a delinquent ." (Emphasis added.) The petition alleged the reporting requirement was a substantial burden because of Mr. Gunsch's age (64), numerous health problems (including legal blindness, ambulatory challenges, and kidney failure ), and the inconvenience to his spouse (also his caregiver). The State urged the district court to deny relief based on the egregious nature of Mr. Gunsch's incest conviction and his subsequent convictions for failure to register. However, it conceded Mr. Gunsch "appears to meet the statutory requirements for termination of his duty to register as a sex offender pursuant to W.S. § 7-19-304(a)(i)."
[¶5] The district court entered its "Order Terminating Duty to Register" on July 13, 2018, finding Mr. Gunsch "meets all statutory requirements set forth in Wyoming Statute § 7-19-304(a)(i) and (d), and, therefore, is eligible for relief under the same." Ten days later, the State filed a W.R.C.P. Rule 60 motion alleging Mr. Gunsch was not eligible for relief from the duty to register because he was convicted of incest as an adult and not "adjudicated as a delinquent." Based on this mistake, the State asked the district court to vacate its "Order Terminating Duty to Register" and deny the Petition for Termination of Duty to Register.
[¶6] The district court granted the motion and entered the Order that is the subject of this appeal ("Order Granting State's W.R.C.P. 60 Motion for Relief from Order Terminating Duty to Register"). It found that Mr. Gunsch was not statutorily eligible for termination because he was "not adjudicated as [a] delinquent for a violation of that statute; rather, he was convicted [of incest] as an adult." The court concluded it "had no subject matter jurisdiction, and it was error on the [c]ourt's part to enter the Order Terminating Duty to Register ." Mr. Gunsch filed a timely appeal.
STANDARD OF REVIEW
[¶7] W.R.C.P. Rule 60(b) permits relief from a final judgment in six circumstances,[3] two of which are relevant to our analysis in this case: "(1) mistake, inadvertence, surprise, or excusable neglect;" and "(4) the judgment is void." Our review of the grant or denial of a W.R.C.P. Rule 60 motion is for an abuse of discretion unless the judgment is attacked under W.R.C.P. Rule 60(b)(4). State ex rel. TRL by Avery v. RLP , 772 P.2d 1054, 1057 (Wyo. 1989). "When [a] judgment is attacked pursuant to W.R.C.P. 60(b)(4), ... there is no question of discretion" in granting or denying relief-"either the judgment is void or it is valid" and "the trial court must act accordingly." Id. ; Essex Holding, LLC v. Basic Properties, Inc. , 2018 WY 111, ¶ 69, 427 P.3d 708, 728 (Wyo. 2018). We will address W.R.C.P. Rule 60(b)(4) before turning to W.R.C.P. Rule 60(b)(1).
DISCUSSION
W.R.C.P. Rule 60(b)(4) Void Judgment
[¶8] Here, the district court's finding that the court lacked subject matter jurisdiction is incorrect. "[D]istrict court[s] ... have *1281 original jurisdiction of all causes both at law and in equity and in all criminal cases ... and of such special cases and proceedings as are not otherwise provided for." Wyo. Const. art. V, § 10 ; see also Matter of Adoption of L-MHB , 2018 WY 140, ¶ 9, 431 P.3d 560, 564 (Wyo. 2018). The district court has jurisdiction over claims under the Wyoming Sex Offender Registration Act (WSORA), which includes those raised in Mr. Gunsch's petition. See Kammerer v. State , 2014 WY 50, ¶ 31, 322 P.3d 827, 839 (Wyo. 2014) ("Wyoming's Act expressly provides a mechanism by which certain categories of registered sex offenders can petition the district court for relief from the duty to register."). Consequently, the original "Order Terminating Duty to Register" was not void and the district court erred in concluding it lacked subject matter jurisdiction. See Linch v. Linch , 2015 WY 141, ¶ 10, 361 P.3d 308, 311 (Wyo. 2015). This conclusion does not end our inquiry.
[¶9] We have long held we may affirm the district court on any ground apparent in the record, even if that basis was not relied upon by the district court in its decision. Guy v. Wyo. Dep't of Corr. , 2019 WY 69, ¶ 18, 444 P.3d 652 (Wyo. 2019) ; Powder River Basin Res. Council v. Wyo. Dep't of Envtl. Quality , 2010 WY 25, ¶ 37, 226 P.3d 809, 820 (Wyo. 2010) ("Based on common sense and notions of judicial economy, it is appropriate for us to decline to remand a case [for] further proceedings [when it] would serve no useful purpose.") (internal citation omitted); State v. Alexander , 78 Wyo. 324, 333, 324 P.2d 831, 833 (1958) ("[T]he correct ruling is not adversely affected by the wrong reasons given therefor."); Peterson v. Johnson , 46 Wyo. 473, 483-84, 28 P.2d 487, 490 (1934) ("[I]n so far as [the preliminary] injunction is concerned ... we could not reverse the case, if error was committed in issuing it, if the ultimate decision rendered herein is correct, for the error would then be without prejudice."); see also Mendez v. Republic Bank , 725 F.3d 651, 658 (7th Cir. 2013) ("The district court's citation of a wrong subsection [under Fed. R. Civ. P. 60(b) ], however, does not merit reversal if relief is appropriate under another subsection.").
[¶10] Although we have declined to affirm on alternate grounds "when the underlying issues involve complex factual and legal arguments that were never addressed by the district court," that is not the situation here. Campbell Cty. Mem'l Hosp. v. Pfeifle , 2014 WY 3, ¶ 31, 317 P.3d 573, 581 (Wyo. 2014). In this case, the dispositive facts were undisputed. Both parties represented Mr. Gunsch was adjudicated as a juvenile when he was not. The State moved for relief under W.R.C.P. Rule 60(b)(1) and both parties have had an opportunity to brief the issues. Therefore, we will address the applicability of W.R.C.P. Rule 60(b)(1).
W.R.C.P. Rule 60(b)(1) Mistake, Inadvertence, Surprise, or Excusable Neglect
[¶11] W.R.C.P. Rule 60(b)(1) provides "[o]n motion and just terms, the court may" grant relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Mr. Gunsch contends that the State's and the district court's failure to correctly interpret the statute does not fall within the concept of mistake or inadvertence. Rather, the State was required to correct any error by bringing an appeal. Mr. Gunsch also claims the term "adjudicated as a delinquent" is unclear and is not specifically defined in the WSORA.
[¶12] First, we address Mr. Gunsch's argument on the meaning of "adjudicated as a delinquent" in the WSORA. In Vaughn v. State , 2017 WY 29, 391 P.3d 1086 (Wyo. 2017), we fully explained the meaning of this phrase. This phrase was introduced in the 2011 amendments to the WSORA. The amendments expanded the reporting requirements to not only include adults convicted of a sexual offense, but to also include juveniles adjudicated as a delinquent of a sexual offense. Id. ¶ 13, 391 P.3d at 1092. The language in Wyo. Stat. Ann. § 7-19-304(a)(i) is not ambiguous. It clearly limits persons who can petition for relief for offenses specified in Wyo. Stat. Ann. § 7-19-302(j) to persons who were adjudicated as delinquents of the offense. Mr. Gunsch offers no other reading of this term. He is undeniably ineligible for relief from the reporting requirements under Wyo. Stat. Ann. § 7-19-304(a)(i).
*1282 [¶13] We next turn to whether the State must bring an appeal to correct the error. We recognize motions to set aside a judgment under W.R.C.P. Rule 60(b) are not intended as a substitute for an appeal of a judicial error or a means to extend the time limits in which to file an appeal. See Essex Holding , ¶ 72, 427 P.3d at 728-29 ; Estate of Dahlke ex rel. Jubie v. Dahlke , 2014 WY 29, ¶ 48, 319 P.3d 116, 128 (Wyo. 2014) ; Barnes v. Barnes , 998 P.2d 942, 946 (Wyo. 2000). Here, on recognizing the mistake, the State immediately brought the error to the court's attention well within the time to file an appeal.
[¶14] We have found it appropriate for a district court to correct its mistake under W.R.C.P. Rule 60(b). In Bradley , the principal ground for the wife's motion to modify a divorce decree was based on a mistake under W.R.C.P. Rule 60(b). Bradley v. Bradley , 2005 WY 107, ¶ 16, 118 P.3d 984, 990 (Wyo. 2005). The husband had offered an affidavit which "should have alerted the district court that the relief requested ... should not have been granted without notice to the [w]ife and without further proceedings." Id. ¶ 15, 118 P.3d at 990. We held the district court abused its discretion when it denied the wife's motion "because the mistake that the district court was required to correct was readily evident from the record." Id. ¶ 17, 118 P.3d at 991.
[¶15] We are also persuaded by the Seventh Circuit's reasoning in Mendez , 725 F.3d 651.[4] There, the Seventh Circuit agreed with the "significant majority of circuits" that Fed. R. Civ. P. 60(b)(1) "allows a district court to correct its own errors that could be corrected on appeal" where the "motion is not a device to avoid expired appellate time limits." Id. at 659. The court reasoned, "in the rare case where a district judge recognizes a clear legal or factual error before a pending appeal has been briefed, no purpose is served by prohibiting the district judge from remedying the error." Id. at 660. "[C]onsistent with the goal of the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive' resolution of disputes, [the parties] may be spared the effort and expense of preparing an appeal and educating a new court on the particulars of their case." Id. (citation omitted). "Whether such an error may be remedied more efficiently through Rule 60(b) rather than the normal appellate process is a question appropriately left to the district court's discretion." Id. The court made clear, however, its "conclusion [did] not undermine [the] effort to prevent Rule 60(b) from being used to evade the deadline to file a timely appeal." Id.
[¶16] The Seventh Circuit's discussion harmonizes with our own "notions of judicial economy." Powder River Basin Res. Council , ¶ 37, 226 P.3d at 820 ("Based on common sense and notions of judicial economy, it is appropriate for us to decline to remand a case [for] further proceedings [when it] would serve no useful purpose.") (internal citation omitted). We have held W.R.C.P. Rule 60(b) is remedial and "intended to promote decisions on the merits when possible." In re ARW , 2015 WY 25, ¶ 17, 343 P.3d 407, 412 (Wyo. 2015) (internal citations omitted). A court has wide discretion to grant or deny a W.R.C.P. Rule 60(b) motion, and "[w]e will not disturb the exercise of that discretion unless [the] appellant demonstrates that the trial court abused [its discretion] and was clearly wrong." Rosty v. Skaj , 2012 WY 28, ¶ 27, 272 P.3d 947, 957 (Wyo. 2012) (internal citations omitted).
[¶17] "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." Nowotny v. L & B Contract Indus., Inc. , 933 P.2d 452, 460 (Wyo. 1997) (internal citations omitted). Here, the district court's decision to grant the State's motion to vacate the judgment relieving Mr. Gunsch from the sex offender *1283 reporting requirement was an appropriate exercise of judicial discretion.
CONCLUSION
[¶18] Although the district court erroneously concluded it did not have subject matter jurisdiction, its decision to set aside its original judgment and deny Mr. Gunsch's petition was not an abuse of discretion or clearly wrong. Affirmed.

Wyo. Stat. Ann. § 6-4-402.

Wyo. Stat. Ann. § 7-19-304(a)(i) (LexisNexis 2017) reads:
(a) The duty to register under W.S. 7-19-302 shall begin on the date of sentencing and continue for the duration of the offender's life, subject to the following:
(i) An offender specified in W.S. 7-19-302(g) or adjudicated as a delinquent for offenses specified in W.S. 7-19-302(j) , who has been registered for at least ten (10) years, exclusive of periods of confinement and periods in which the offender was not registered as required by law, may petition the district court for the district in which the offender is registered to be relieved of the duty to continue to register if the offender has maintained a clean record as provided in subsection (d) of this section. Upon a showing that the offender has maintained a clean record as provided in subsection (d) of this section for ten (10) years, the district court may order the offender relieved of the duty to continue registration[.]
(Emphasis added.)

W.R.C.P. Rule 60(b) states:
(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. - On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"Because the Wyoming Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, federal court interpretations of their rules are highly persuasive in our interpretation of the corresponding Wyoming rules." Oldroyd v. Kanjo , 2019 WY 1, ¶ 9, 432 P.3d 879, 882 (Wyo. 2019) (quoting Windham v. Windham , 2015 WY 61, ¶ 20, 348 P.3d 836, 842 (Wyo. 2015) ); see also, e.g. , Meiners v. Meiners , 2019 WY 39, ¶ 17, 438 P.3d 1260, 1268 (Wyo. 2019).