549 P.2d 1096 (1976)
In the Matter of the ESTATE of Mike COLACCI, a/k/a Michael Arcangelo Colacci, Deceased.
UNITED BANK OF BOULDER, Colorado, Administrator C.T.A. of the Estate of the Deceased, and Joseph Colacci, a son of the Deceased, Plaintiffs-Appellees,
v.
Mrs. Mary STANTON et al., Defendants-Appellants.
No. 75-424.
Colorado Court of Appeals, Div. III.
February 19, 1976.
Rehearing Denied March 11, 1976.
Certiorari Granted May 17, 1976.
*1097 Rothgerber, Appel & Powers, Ira C. Rothgerber, Jr., Gregory L. Williams, Denver, for plaintiff-appellee Joseph Colacci.
Holme, Roberts & Owen, Lucius E. Woods, Judson W. Detrick, Arthur H. Colas, Jr., Denver, for defendants-appellants.
Selected for Official Publication.
SMITH, Judge.
This appeal presents the question of whether the donee of a testamentary gift, who is indebted to the testator for more than the value of his gift, will be permitted to disclaim his interest so that his issue, who are not indebted to the estate, may take the gift undiminished by any claim or exercise of retainer by the administrator of the estate. We hold that, since the statute, in effect at all times pertinent hereto, C.R.S.1963, 153-5-43,[1] expressly provided *1098 that disclaimed property passed as though the disclaiming person had predeceased the testator, the administrator cannot diminish or withhold the gift from those persons who are entitled to take in the place of the person who has disclaimed.
The testator, Mike Colacci, died on March 4, 1970. His will provided that, after the payment of debts and expenses, the residue of his estate was to be divided equally between his children, Joseph and Anthony Colacci, and that, if either child did not survive him, the deceased's child's issue would share equally that portion of the estate that would have gone to their parent. Both Joseph and Anthony survived the testator; Anthony has four children, each of whom was alive at the time of the decedent's death.
At the time of Mike's death, his son Anthony owed him $52,000, represented by certain unpaid promissory notes. After the death of his father, and within six months of the appointment of an administrator c.t.a., Anthony filed a disclaimer of his rights to take under the estate. He thereafter sought and obtained a discharge of the debt in bankruptcy. In doubt as to whether to set off Anthony's $52,000 debt against his children's share of the estate, the administrator petitioned the district court, sitting in probate, to decide the issue. The trial court concluded that the administrator had the right as well as the duty to retain from that share of decedent's estate passing to disclaimant's children an amount equal to the total indebtedness owed to the decedent at the time of his death by their father, Anthony Colacci. The court entered judgment accordingly. Anthony's children appeal and we reverse directing that they take a full one-half of the distributable residue of the estate.
C.R.S.1963, 153-5-43(1), provided in relevant part that any person entitled to receive property under a decedent's will had the right irrevocably to disclaim the whole or any part of that property. If that disclaimer was made in writing and filed with the court in which the will was admitted to probate not later than six months after the appointment of a fiduciary, as was done in this case, 1965 Perm. Supp., C.R.S.1963, 153-5-43(2)(a), required that the disclaimed property "shall pass in the same manner as if the person so disclaiming had predeceased [the] decedent, unless otherwise provided by the will in which case the will shall be controlling." If the disclaimer was filed after the six months have passed, section 153-5-43(5) provides that it would be construed as an assignment of the interest disclaimed.
In construing the statute, this court must give effect to each of its words, phrases, and sentences. Union Pacific R.R. v. Public Utilities Commission, 170 Colo. 514, 463 P.2d 294. The language must be accorded its familiar meaning and a forced or strained interpretation should not be followed. Harding v. Industrial Commission, 183 Colo. 52, 515 P.2d 95. Accordingly, since the statute provided for no exception to the general rule, we may not supply one under the guise of construction. Christner v. Poudre Valley Cooperative Ass'n, 235 F.2d 946 (10th Cir.). See General Electric Co. v. Webco Construction Co., 164 Colo. 232, 433 P.2d 760.
The application of subsection 153-5-43(2)(a) to the facts here results in the property passing directly from Mike Colacci to Anthony's children. This conclusion is strengthened when this subsection is juxtaposed to section 153-5-43(5). That section, providing that a disclaimer filed after the expiration of the six-month period is an assignment, would be meaningless unless a disclaimer filed within the six-month period was intended by the legislature to have some other effect, specifically that of passing the property from the testator directly to those taking the property because of the disclaimer. See Hoecker v. United Bank, 476 F.2d 838 (10th Cir.).
Citing In re Rueschenberg's Estate, 213 Iowa 639, 239 N.W. 529, and Meenen v. *1099 Meenen, 180 Kan. 779, 308 P.2d 158, Joseph Colacci argues that an exception to the statute should be inferred to prevent a disclaimer from defeating the claims of creditors of the disclaiming person. See also In re Estate of Kalt, 16 Cal.2d 807, 108 P.2d 401, 133 A.L.R. 1424. In none of these cases, however, were the courts considering a statute, such as ours, which specifically set forth the conditions by which a power of disclaimer can be exercised and the effects of so doing.
We can see no way in which the rule adopted in the cases listed above could be applicable in light of the clear terms of section 153-5-43. Such an exception has been rejected in other jurisdictions with statutes similar to ours. E. g., In re Estate of Hansen, 109 Ill.App.2d 283, 248 N.E.2d 709. In addition, other states with statutory provisions similar to subsection 153-5-43(2) (a) have specifically provided by statutory language that the power of disclaimer may not be exercised to defeat the claims of creditors. E. g., Ark.Stat.Ann. § 62-3208 (1947); Fla.Stat.Ann. § 731.37(6) (1973); Wash.Rev.Code Ann. § 11.86.060 (1973 Supp).
Furthermore, at common law the right to disclaim a testamentary gift at the expense of one's creditors was generally recognized. See, e. g., People v. Flanagin, 331 Ill. 203, 162 N.E. 848, 60 A. L.R. 305; Schoonover v. Osborne, 193 Iowa 474, 187 N.W. 20. Since it imposed a time restriction upon the exercise of this right, section 153-5-43 should, like other statutes in derogation of the common law, be strictly construed. Damaskus v. McCarty-Johnson Heating & Engineering Co., 88 Colo. 279, 295 P. 490; In re Will of Dunphy, 60 Colo. 196, 153 P. 89.
Judgment reversed and cause remanded with directions to enter a judgment not inconsistent herewith.
PIERCE and BERMAN, JJ., concur.
NOTES
[1] Now repealed, but see § 15-11-801, C.R.S. 1973, to the same effect.