560 P.2d 843 (1977)
S. Donald ROWE, d/b/a Rowe Realty, Plaintiff-Appellee,
v.
Benjamin TUCKER, Public Trustee of Clear Creek County, Colorado, Two Brothers Mining Corporation, Inc., and assignee for Weldon W. Bastian, J. Golden Bastian, and Howard Sadlier, Defendants-Appellants.
No. 75-891.
Colorado Court of Appeals, Div. 2.
January 20, 1977.
Rehearing Denied February 17, 1977.
*845 Calkins Kramer, Grimshaw & Harring, James C. Mallon, Denver, for plaintiff-appellee.
Stanley W. Prisner and Hyman A. Coggan, P.C., Hyman A. Coggan, Stanley W. Prisner, Denver, for defendants-appellants.
Selected for Official Publication.
PIERCE, Judge.
Defendant, Two-Brothers Mining Corporation, a foreclosing creditor under a deed of trust, appeals from a judgment permitting redemption by plaintiff. It also challenges the trial court's determination of the sum necessary to be paid for redemption. We affirm.
Two-Brothers brought a foreclosure action seeking sale by the public trustee of a one-half interest in a mining property. This action was then begun by the plaintiff to enjoin the foreclosure sale pending determination of the amount required to be paid by him to cure default. During the pendency of this proceeding, however, the foreclosure sale was held; Two-Brothers purchased the property by bidding the full amount of the contested indebtedness. Plaintiff subsequently tendered to the public trustee a sum equal to the full amount claimed by Two-Brothers to be necessary for redemption. These funds were then deposited into court awaiting resolution of the controversy regarding the proper sum to be paid. A certificate of redemption was issued to plaintiff at that time.

I.
Two-Brothers' principal contention is that plaintiff failed to redeem within the statutory redemption period. It claims that period to be 75 days rather than six months.
Prior to 1965, the redemption period following all foreclosures was six months. C.R.S. 1963, 118-9-2. That period was then shortened to 75 days as to certain classes of real property. See Colo. Sess. Laws 1965, ch. 242. The applicable redemption statute is now § 38-39-102, C.R.S. 1973, which provides in pertinent part as follows:
"(1) Except as provided in this section with respect to agricultural real estate, within seventy-five days after the date of the sale of real estate by virtue of any foreclosure of a ... trust deed... the owner of the premises... may redeem the premises sold by paying to the public trustee ... the sum for which the property was sold....
"(2) In the case of any ... deed of trust upon one or more parcels of real estate, all of which were agricultural real estate upon the date of execution of such... deed of trust ... the period within which the owner of the premises ... may redeem the premises sold is six months.
"(3) The term `agricultural real estate' means, for the purposes of this section, any parcel of real estate which has not been platted as a subdivision, in whole or in part, or which is not a part of any platted subdivision...." (emphasis supplied)
The question is whether the mining property involved is "agricultural real estate" for the purposes of this statute. We conclude that it is.
Mining property is not ordinarily considered to be agricultural. Lerch v. Missoula Brick & Tile Co., 45 Mont. 314, 123 P. 25 (1912). However, since it is apparent that for redemption purposes the legislature sought only to distinguish undeveloped rural lands from developed urbanized property, the statutory definition here places both agricultural and mining property in the same category. See Eisenzimmer v. Bell, 75 N.D. 733, 32 N.W.2d 891 (1948). As to rural property, the legislature chose to retain the period established by prior law, thus providing greater opportunities for refinancing of undeveloped lands. See F. Storke & D. Sears, Colorado Security Law § 69 (1955).
The character of the property rather than its use is therefore the material *846 factor in ascertaining the period for redemption. Section 38-39-102, C.R.S. 1973. See Rice v. Board of County Commissioners, 135 N.W.2d 597 (N.D.1965). The only way this property could qualify under the 75 day statute is if it were platted as a "subdivision" or if it were part of a "platted subdivision." Sufficient evidence was presented at trial to substantiate the court's conclusion that it was neither. See Ernsperger v. Mishawaka, 168 Ind. 253, 80 N.E. 543 (1907); McKain v. Toledo City Plan Commission, 26 Ohio App.2d 171, 270 N.E.2d 370 (1971). See also § 38-51-100.3(8), and § 30-28-101(5) & (10), C.R.S. 1973. Therefore, the applicable period of redemption was six months.

II.
Two-Brothers next contends that even if the applicable redemption period was six months, plaintiff's redemption was not timely, as it was one day late. We do not agree.
There is no dispute that the word "months" in the context of § 38-39-102, C.R.S. 1973, means calendar months, rather than some arbitrarily established number of days. Section 2-4-106, C.R.S. 1973. See also Daly v. Concordia Fire Insurance Co., 16 Colo.App. 349, 65 P. 416 (1901). The final date for redemption was thus August 5, 1974. The redemption was completed on August 6, 1974. However, August 5 was a legal holiday, and therefore, an additional day was available to plaintiff for redemption. Section 2-4-108(2), C.R.S. 1973.
It is Two-Brothers' position, however, that § 2-4-108(2), C.R.S. 1973, is not applicable to the present case. It argues that the deed of trust in question was executed prior to the effective date of the statute, and that the statute therefore cannot govern the subsequent redemption proceedings unless we give that enactment retroactive effect. See Colo. Sess. Laws 1973, ch. 406. Again, we disagree.
The statute cannot be viewed as retroactive just because it operates on antecedent facts. Rather, the question is whether applying the statute to a particular controversy would deprive a party of accrued rights. For these purposes, a right accrues only when litigation could first have been successfully maintained thereunder. Tucker v. Claimants in re Death of Gonzales, Colo.App., 546 P.2d 1271 (1975).
Here, only after the foreclosure sale did the right to limit redemption to the statutory period accrue. This took place after the effective date of § 2-4-108, C.R.S. 1973. Hence, application of this statute to the present case raises no retroactivity problem. Tucker v. Claimants in re Death of Gonzales, supra. See also Mount Morris Savings & Loan Ass'n v. Barber, 17 Ill.2d 523, 162 N.E.2d 347 (1959).

III.
Finally, Two-Brothers contends that the trial court erred in disallowing certain expenditures allegedly necessitated upon foreclosure including the limiting of attorney's fees to 10% of the amount for which the property was foreclosed. We find no error in these rulings.
Plaintiff originally sought to restrain the foreclosure sale on the grounds that the claim of indebtedness presented to Two-Brothers included the alleged non-allowable expenses. A temporary restraining order was issued. This restraining order was later dissolved because of plaintiff's inability to post the required bond. Two-Brothers became the purchaser by bidding in the full amount of the claimed indebtedness, including the sums disputed by plaintiff.
The general rule is that redemption requires payment of the full purchase price received at the foreclosure sale together with incidental expenses. See § 38-39-102(1), C.R.S. 1973; F. Storke & D. Sears, Colorado Security Law § 66 (1955). However, two additional considerations support the trial court's action in permitting redemption for a lesser sum in this case.
First, at the time it dissolved the temporary restraining order, the court retained jurisdiction to rule on the propriety of the questioned expenditures. Secondly, the *847 foreclosing creditor bid in only the amount of the claimed indebtedness.
There is nothing improper about a foreclosing creditor bidding in the amount of its debt. See Bennett v. Morrison, 78 Colo. 464, 242 P. 636 (1925); Victor Investment Co. v. Roerig, 22 Colo.App. 257, 124 P. 349 (1912). Indeed, it would be inadvisable for such a creditor to bid a sum less than the amount of its claim. See F. Storke & D. Sears, Colorado Security Law § 66 (1955). Nevertheless, when such a procedure is followed, the debtor may always challenge the propriety of sums claimed by the purchasing creditor to have been owed at foreclosure. West v. Bates, 70 Colo. 355, 201 P. 562 (1921). The basis for this rule lies in the purpose sought to be furthered by foreclosure and redemption procedures: to permit creditors to recover only their just demands. Osborn Hardware Co. v. Colorado Corp., 32 Colo.App. 254, 510 P.2d 461 (1973).
Here, no receiver was appointed, and the questioned expenditures were never subjected to judicial supervision. Cf. § 38-39-113, C.R.S. 1973. The expenses allegedly incurred, which plaintiff contends were inappropriate or excessive, were for caretaking, repairs of certain machinery, and replacement of locks and windows. The testimony of the principal owner of Two-Brothers, who personally owned the other one-half interest in the property, revealed that these alleged expenditures were not for preservation of the security during foreclosure but were instead incurred over an extended period of time, including periods prior to execution of the deed of trust. By the addition of these expenditures as part of the claimed indebtedness upon the foreclosure, Two-Brothers was, in effect, attempting to procure contribution from the incoming co-owner for past improvements and repairs. These expenses were not incurred in connection with foreclosure, and hence, are not allowable upon redemption. See § 38-39-101, C.R.S. 1973. See also Graham v. Alcoves, 148 Colo. 379, 366 P.2d 375 (1961).
The trial court also acted properly in limiting the attorney's fees recoverable in connection with the foreclosure to 10% of the sum for which the property was foreclosed. Such a limitation is mandated by § 38-38-106, C.R.S. 1973, and appellant has cited no authority to the contrary.
Judgment affirmed.
VAN CISE and KELLY, JJ., concur.