JACOBS INVESTMENTS, a Colorado general partnership, Plaintiff-Appellant,

v.

PRD HOLDINGS, LTD., a Colorado Corporation, and the Public Trustee of El Paso County, Defendants-Appellees.

No. 79CA0879.

Colorado Court of Appeals, Div. I.

April 3, 1980.

Rehearing Denied April 24, 1980.

Certiorari Denied June 9, 1980.

David C. Mize, Colorado Springs, for plaintiff-appellant.

Leonard Ripps, Denver, for defendant-appellee PRD Holdings, Ltd.

Charles E. Berry, Colorado Springs, for defendant-appellee the Public Trustee of El Paso County.

COYTE, Judge.

Plaintiff appeals from the judgment of the trial court granting defendant's motion for summary judgment and dismissing plaintiff's request for injunctive relief. Plaintiff contends that the trial court erred in allowing defendant to cure a second default on a note secured by a deed of trust. We affirm.

The sole issue on appeal is whether a grantor of a deed of trust may, under § 38–39–118, C.R.S. 1973 (1979 Cum.Supp.), cure a second default on the note securing the deed of trust. Section 38–39–118(3), C.R.S. 1973, provides:

"Nothing in this section shall constitute a waiver of any right accruing after a subsequent violation of any covenant of said note, deed of trust, or mortgage."

Plaintiff contends that the right referred to in subsection (3) is the creditor's right upon default to accelerate the indebtedness and foreclose the deed of trust and that, consequently, the grantor of the deed may cure only once. Defendant argues that the language provides unlimited opportunity to cure. We agree with defendant.

Subsections (1) and (2) of the statute establish the rights of the grantor of the deed of trust to cure defaults prior to foreclosure and to notice of this right to cure. In 1975, the legislature amended subsection (1) of the statute by, *inter alia*, substituting the plural form, "defaults", for the singular form, "default," which had appeared in the prior enactment of the statute, and, therefore, subsection (1) now provides that several defaults may be cured prior to foreclosure. In addition, this section does not limit the number of times a debtor can cure defaults. Thus, the debtor's right to cure defaults is not limited to the first of a series of defaults or to the debtor's exercising, only one time, the right to cure defaults. Subsection (3) of the statute protects the creditor from the allegation that he has waived his future right to accelerate and foreclose upon default because the debtor was able to cure defaults at an earlier time. However, the statute read in context has limited the creditor's common

law right of acceleration and foreclosure upon default by creating the debtor's statutory right to cure the default prior to foreclosure. *Foster Lumber Co. v. Weston Constructors, Inc.,* 33 Colo.App. 436, 521 P.2d 1294 (1974).

The statute must be interpreted to implement the legislative intent by limiting the right of acceleration and preventing foreclosure when the creditor's interest will not be jeopardized. *Foster Lumber Co. v. Weston Constructors, Inc., supra.* The interest of both parties will be furthered by allowing the grantor of the deed to cure subsequent defaults. If the grantor is able to cure the default, the adequate tender puts the creditor in the same position he would have been in without the default; hence, "[f]rom the creditor's point of view, it is as though a default had not occurred . . ." *Foster Lumber Co. v. Weston Constructors, Inc., supra.* If the grantor is unable to cure, the creditor still may proceed to foreclosure, thereby protecting his rights. We therefore hold that § 38–39–118(3), C.R.S. 1973 (1979 Cum.Supp.), provides an unlimited opportunity to cure defaults and the right to cure is not limited to the first default only.

Defendant urges that § 38–38–106, C.R.S. 1973, precludes the commencement of more than one foreclosure action within a twelve month period. However, this statute restricts the number of foreclosures on the deed of trust for only past due installments as if the deed of trust "were given to secure separately each of such past due installments." Section 38–38–106, C.R.S. 1973. *See* 55 *Am.Jur.2d Mortgages.* This section applies only to the situation where there is a foreclosure for non-payment of an installment without any attempt to accelerate.

Plaintiff has not shown that he will be jeopardized by allowing the defendant to cure the second default or that defendant failed to tender adequate payment to protect plaintiff's interest. Accordingly, we conclude that the trial court properly dismissed plaintiff's request for injunctive relief.

In view of the conclusion we have reached, it is unnecessary to consider the other assignment of error.

Judgment affirmed.

KELLY, J., concurs.

SMITH, J., dissents.

SMITH, Judge, dissenting:

I respectfully dissent.

I would agree with the majority if § 38–39–118(3), C.R.S. 1973, were not part of the statute. Sections 38–39–118(1) and (2), C.R.S. 1973 (1979 Cum.Supp.), confer the right upon a debtor to cure a non-payment default and delineate the procedure to be followed in exercising it. Subsection (3), however, commencing as it does: "Nothing in this section shall . . .," obviously limits that right. It is the nature of that limitation which I feel compelled to address.

It is not sufficient in my view merely to recite the policy reasons the General Assembly embraced in granting the right to cure, *see Foster, supra,* as justification for saying that there is no limitation upon successive "cures." Nor, since the statute would have permitted successive cures absent subsection (3),[1] can it be said that the subsection's purpose was to grant this right. Because statutes must be read and construed as a whole, with each part being given effect and meaning, *People v. Gym of America,* 177 Colo. 97, 493 P.2d 660 (1972), a more thorough analysis is required.

Exercise of the power of sale contained in a deed of trust generally occurs, in non-payment cases, when a right of acceleration, which makes the entire obligation become due, has been exercised by the creditor. Thus, the "right to cure" statute which relates only to foreclosure proceedings instituted for non-payment defaults, permits a

1. Similar type statutes granting the right to cure, but silent otherwise, are so considered in . Minnesota, Mississippi, California, and Oregon.

debtor to defeat the creditor's contractual right to accelerate if he pays all amounts presently due. *Smith v. Certified Realty Corp.*, 41 Colo.App. 170, 585 P.2d 293 (1978). The statute creates, in essence, a waiver of the creditor's "right" to accelerate and to sell on foreclosure which arose from the debtor's violation of the payment terms of his note.

In this context, the wording of subparagraph 3, takes on a very explicit meaning when it declares that: "Nothing in this section shall constitute a waiver of any right accruing after a *subsequent violation* of any covenant of said note, deed of trust, or mortgage." (emphasis supplied). "Subsequent violation" must refer to non-payment defaults as these are the only violations which trigger the "cure" statute. Likewise the "right" referred to must be either the "right" to accelerate, or the "right" to sell on foreclosure, which are the only rights deemed waived by subsection (1) and (2) of the statute. Thus, subparagraph (3) might be paraphrased to read:

Nothing in this section shall constitute a requirement that the creditor's right to accelerate or to sell on foreclosure shall be deemed waived as to subsequent violations of covenants of payment contained in any note, trust deed, or mortgage.

This then becomes an express prohibition against successive cures. Colorado thus falls within that category of states that permits "curing" but limits the number of times a cure may be effected.[2]

Perhaps the observation should be made that acceleration is a common law right arising out of the contract between the debtor and creditor. Such rights may not be derogated by statute except where strict construction of the statute permits no contrary conclusion. *In re Estate of Colacci*, 37 Colo.App. 369, 549 P.2d 1096 (1976). Only nine states have adopted "cure" statutes.

The practical effect of the majority decision, moreover, in light of other statutes relative to foreclosure, is to vest debtors, whose property has been given as security and is subject to foreclosure, with the right

to convert their monthly installment obligations, for example, into annual ones. This is true because under § 38–38–106, C.R.S. 1973, no more than one foreclosure proceeding, based on past due installments, may be commenced within any twelve month period; and because under the majority's interpretation of the statute debtors have the right to cure *any* default in non-payment by paying past due installments. By so doing debtors may avoid, forever, the spectre of acceleration, vis a vis foreclosure.

The majority refers to the use of plurals in the 1975 amendment to § 38–39–118 (1), C.R.S. 1973, as being supportive of its construction. However, I believe that a reading of Chapter 332 of the 1975 Session Laws, which contains these amendments, in the context of the entire foreclosure structure, demonstrates that these "Housekeeping" amendments serve an entirely different purpose. Since a single foreclosure may be based on either one, or a series of, non-payment defaults, § 38–38–106, C.R.S. 1973, the amendment was necessary in order that the "cure," if exercised, could extinguish all non-payment defaults occurring prior to the foreclosure. This, in my view, was to insure that subsequent foreclosures could not be based upon non-payment defaults occurring prior to the foreclosure halted by the cure statute. These amendments are unnecessary if, as the majority holds, every successive foreclosure can be halted by curing the default upon which it was based. The pertinent text in the Session Law referred to, reads as follows:

"Section 1. 38–39–118(1), Colorado Revised Statutes 1973, is amended to read:

38–39–118(1): WHEN DEFAULT IS NONPAYMENT. (1) Whenever the default or violation in the terms of the note and deed of trust or mortgage being foreclosed is nonpayment of any ~~sum~~ SUMS due thereunder, the owners of the property being foreclosed or parties liable thereon shall be entitled to cure said ~~particular default~~ DEFAULTS if, at least ~~five~~ SEVEN DAYS prior to the date ~~fixed for~~ the foreclosure sale IS HELD . . .."

---

2. *See, e.g.*, Ill.Rev.Stat. ch. 95, § 57 (1979 Cum.Supp.) and 41 P.S. Sec. 404(a), (Pennsylvania).

I am therefore reluctant to adopt, as the majority implicitly does, the rule that the common law right of a creditor to accelerate under his contract, is by statute, forever waived or dispensed with in foreclosure cases, particularly where that statute without subsection (3) would be silent on the point of successive defaults. Although the majority's result may be a desirable policy, such a determination is a legislative, not a judicial prerogative. I cannot help but believe that had the General Assembly intended to grant an absolute right to cure *any* default, it would have said so.

I would reverse.