**FOOTHILLS APARTMENTS, a Colorado General Partnership, Plaintiff-Appellee,**

v.

**Gene E. FISCHER and Don W. Mullison, Defendants-Appellants.**

**No. 83CA0320.**

Colorado Court of Appeals,
Div. I.

Oct. 25, 1984.

Isaacson, Rosenbaum & Friedman, P.C., Sheldon E. Friedman, Joseph J. Stollar, Michael E. Romero, Denver, for plaintiff-appellee.

Fischer & Wilmarth, Steven G. Francis, Hill & Hill, P.C., Alden T. Hill, Fort Collins, for defendants-appellants.

PIERCE, Judge.

The defendants, Gene E. Fischer and Don W. Mullison (Fischer), are the holders of a promissory note secured by a deed of trust on an apartment complex. The plaintiff, Foothills Apartments (Foothills), a Colorado general partnership, is the owner of the property. Foothills defaulted on the note held by Fischer, and Fischer instituted foreclosure proceedings through the public trustee. Foothills then commenced an action in the district court to enjoin the foreclosure sale of the property and to obtain a declaratory judgment to determine the amount required to cure the default pursuant to § 38–39–118, C.R.S. (1982 Repl.Vol. 16A). It also asserted various claims for damages against Fischer allegedly arising out of the purchase and sale of the property.

After a hearing, the trial court denied Foothills' request for injunctive relief. Thereafter, Foothills paid, under protest, the full amount demanded by Fischer to cure the default, and the foreclosure proceedings were terminated. Hearings were then held on Foothills' request for a declaratory judgment, which was heard separately from the damage claims. The trial court concluded that Foothills had paid Fischer an excess amount to cure the default and was, therefore, entitled to credit the overpayment against future payments due under the note. In so ruling, the court determined that to cure the default Foothills was not required to pay interest at the default rate provided for in the note on the entire principal balance during the period of default, as Fischer claimed, but that the default interest rate applied only to principal unpaid during the period of default. The court further determined that after curing the default, Foothills was not required to pay interest at the default rate until the note was fully paid. The declaratory judgment was certified as final by the trial court pursuant to C.R.C.P. 54(b), and from such judgment defendants appeal. We affirm in part, reverse in part, and remand the matter with directions.

The promissory note under consideration here is dated September 7, 1982. The original principal amount of the note was $4,750,000, payable as follows: First, a lump sum of $250,000 due on October 1, 1982, with interest from September 1, 1982, at 9 percent per annum; second, an amortized amount of $1,950,000, payable in equal monthly installments commencing on October 1, 1982, also with interest at 9 percent per annum; and third, $2,550,000, payable on September 1, 1992, with interest payable in monthly installments at a rate varying from 5 percent to 13.5 percent per annum.

In the event of default the note provided as follows:

"Upon default in the payment of any installment of principal or interest hereunder, or any part thereof, or in the performance or observance of any of the covenants, agreements, conditions, or terms of this Purchase Money Promissory Note, or the Purchase Money Deed of Trust securing payment of this Purchase

Money Promissory Note, and if such default continues for a period of fifteen (15) days, *the entire unpaid principal balance of this Purchase Money Promissory Note, plus all accrued interest, shall, at the option of the Payees, to be exercised at any time thereafter, become due and payable at once,* without notice, notice of the exercise of this option being expressly waived; *and this Purchase Money Promissory Note shall thereafter bear interest at the rate of eighteen percent (18%) per annum until fully paid."* (emphasis added)

## I.

■ Fischer contends here that the trial court erred in concluding that by curing the default Foothills was relieved of paying interest at the default rate on the entire unpaid principal balance of the note until it was fully paid. We disagree.

Section 38–39–118(1)(a), C.R.S. (1982 Repl.Vol. 16A), provides as follows:

"Whenever the default or violation in the terms of the note and deed of trust or mortgage being foreclosed is nonpayment of any sums due thereunder, the owners of the property being foreclosed or parties liable thereon shall be entitled to cure said defaults if ... the owners or parties pay to the officer conducting the sale all delinquent principal and interest payments which are due as of the date of such payment exclusive of that portion of the principal which would not have been due in the absence of acceleration, plus all costs, expenses, late charges, attorney's fees, and other fees incurred by the holder of such note, deed of trust, or mortgage as of the date of payment in connection with such proceedings for collection and foreclosure."

Fischer argues that by curing the default Foothills was only relieved of paying the accelerated principal balance of the note but was not relieved of paying interest at the default rate until the note was fully paid. Fischer asserts, in effect, that the statute only permits a default to be partially cured. We do not believe that the language of the statute permitting a debtor to "cure" a default can be so qualified.

A default is either cured or it is not cured. And if it is "cured," then it is as if no default took place. Thus, the effect of Foothills' curing the default under the statute was to put the parties in the same position as they would have been in had no default occurred. *Cf. Jacobs Investments v. PRD Holdings, Ltd.,* 44 Colo.App. 184, 612 P.2d 1149 (1980); *Ulander v. Allen,* 37 Colo.App. 279, 544 P.2d 1001 (1976); *Foster Lumber Co., Inc. v. Weston Constructors, Inc.,* 33 Colo.App. 436, 521 P.2d 1294 (1974). Accordingly, we agree with the trial court's conclusion that, after the default was cured, Fischer was not entitled to recover interest at the default rate on the principal balance of the note until it was fully paid.

## II.

■ Fischer also contends that the trial court erred in concluding that to cure the default Foothills was only required to pay interest at the default rate on the past due installments of the note as opposed to interest at the default rate on the entire balance for the period during which the note was in default. We agree.

The statute expressly provides that to cure a default, a debtor must pay all delinquent principal and interest payments that are due, except that portion of the principal which would not have been due in the absence of acceleration. Interest at the default rate on the entire unpaid principal balance of the note was due and owing from the date of default until the default was cured. Thus, under the statute, Foothills was required to pay such interest in order to cure the default. Consequently, the trial court erred in determining that it was only required to pay interest at the default rate on the past due installments.

Since the trial court's conclusion that Foothills paid an excess amount to cure the default was predicated on its erroneous determination that Foothills was not required to pay interest at the default rate on

the accelerated principal balance of the note for the period of default, that portion of the judgment crediting such excess amount against future payments due under the note must also be reversed.

Accordingly, we affirm that portion of the judgment determining that after curing the default Foothills was not required to pay interest at the default rate on the principal balance of the note. The remainder of the judgment is reversed, and the cause is remanded for the entry of a judgment consistent with the views expressed herein.

SMITH and TURSI, JJ., concur.