George B. **KERN** and Richard P. Hume, Plaintiffs-Appellants,

v.

Richard G. **GEBHARDT,** Public Trustee of the County of Boulder, State of Colorado, Defendant-Appellee.

**No. 84CA1106.**

Colorado Court of Appeals, Div. I.

Dec. 26, 1985.

Rehearing Denied Jan. 23, 1986.

Certiorari Granted (Appellants) April 14, 1986.

Robinson & Mallon, P.C., James C. Mallon, Susan A. Stearns, Evergreen, for plaintiffs-appellants.

Hutchinson, Black, Hill, Buchanan & Cook Heather Ryan, Boulder, for defendant-appellee.

KELLY, Judge.

In this appeal from a declaratory judgment, the sole question for resolution is whether the trial court erred in ruling that § 38–38–106, C.R.S. (1982 Repl.Vol. 16A) limits the amount of attorneys' fees which may be assessed in a public trustee foreclosure of an accelerated debt to 10% of the sum for which the property is being foreclosed. We conclude that the attorneys' fees were properly so limited and, therefore, affirm.

The facts giving rise to this controversy are undisputed. The plaintiffs, George B. Kern and Richard P. Hume, commenced foreclosure on a deed of trust which secured a promissory note to the plaintiffs pursuant to provisions in the note and deed of trust permitting acceleration of the entire debt upon a default by the debtor.

Prior to the scheduled sale date, the public trustee declared that the amount which the plaintiffs proposed to bid at the sale was unacceptable under § 38–38–106, C.R.S. (1982 Repl.Vol. 16A) because it included attorneys' fees of more than 10% of the amount being foreclosed. The public trustee agreed, however, to allow the total bid at the sale, provided that, in the event of a redemption of the property by the debtor, the disputed portion of the attorneys' fees would be escrowed pending a court order determining the applicability of the statute.

The plaintiffs subsequently sought declaratory relief in the district court and an order releasing the money held in escrow. The trial court granted the defendant's motion to dismiss for failure to state a claim. In its extensive minute order, the trial court ruled that it was bound by the opinion of this court in *Rowe v. Tucker*, 38 Colo.App. 532, 560 P.2d 843 (1977) holding that the statutory limitation on attorneys' fees applies to foreclosures for the full amount of the indebtedness. The trial court rejected *Jacobs Investments v. PRD Holdings, Ltd.*, 44 Colo.App. 184, 612 P.2d 1149 (1980) as not dispositive.

The plaintiffs aver that § 38–38–106, C.R.S. (1982 Repl.Vol. 16A) is limited solely to an award of attorneys' fees for foreclosure based on default in one or more installments and that, if the foreclosure is for the whole amount of the accelerated indebtedness, reasonable attorneys' fees not subject to the 10% limitation should be awarded. They cite *Jacobs Investments v. PRD Holdings, Ltd., supra,* in support of this proposition.

The public trustee, on the other hand, argues that the statute encompasses both types of foreclosure and relies on *Rowe v. Tucker, supra.* We agree with the public trustee.

Section 38–38–106 is one of several statutory sections dealing with foreclosure of mortgages and trust deeds based on past due installments. This section states:

"Any mortgage securing an obligation payable by installments may at the option of the holder be foreclosed as to any one or more past due installments of principal or interest, together with any sums advanced by the holder pursuant to the terms of the mortgage for taxes, insurance, liens, assessments, or similar charges, as if such mortgage were given to secure separately each of such past due installments. *In no foreclosure authorized by sections 38–38–105 to 38–38–110 shall attorney's fees be allowed for a total amount exceeding ten percent of*

*the sum for which the property is thus foreclosed.* Not more than one foreclosure proceeding provided for in sections 38–38–105 to 38–38–110 may be commenced in a period of twelve months." (emphasis supplied)

In *Jacobs Investments v. PRD Holdings, Ltd., supra,* this court said: "This section applies only to the situation where there is a foreclosure for non-payment of an installment without any attempt to accelerate." But, this statement was made in response to an argument that, since the section prohibits more than one foreclosure action within a twelve-month period, there can be no cure of a second default under § 38–39–118, C.R.S. Accordingly, that case is without precedential effect concerning the interpretation to be given to the sentence dealing with attorneys' fees.

On the other hand, in *Rowe v. Tucker, supra,* we explicitly approved a trial court order limiting attorneys' fees to 10% of the sum for which the property was foreclosed in a case in which there had been foreclosure for the full amount of the indebtedness. We held that this limitation is mandated by § 38–38–106, C.R.S. We adhere to this holding.

Section 38–38–105, C.R.S. (1982 Repl.Vol. 16A) states that §§ 38–38–105 to 38–38–110 apply to mortgages giving the right to declare the whole indebtedness due and payable on default of the payment of any part thereof. Further, § 38–38–110, C.R.S. (1982 Repl.Vol. 16A) states that: "Nothing in sections 38–38–105 to 38–38–110 shall be construed to prevent the holder of the indebtedness secured by any such mortgage from exercising any option contained therein to declare the whole of such indebtedness due and payable." Since these sections are, by virtue of §§ 2–4–110 and 2–4–213, C.R.S. (1980 Repl.Vol. 1B), among those to which the 10% attorneys' fee limitation is applicable, we conclude that the 10% limitation applies to a foreclosure instituted after a declaration that the whole indebtedness has become due and payable.

Here, the foreclosure was for the full amount of the accelerated indebtedness.

Hence, the public trustee properly applied the statutes and limited the amount of the attorneys' fee recoverable to 10% of the amount for which the property was foreclosed. The trial court properly dismissed the plaintiffs' claim.

Judgment affirmed

PIERCE and BABCOCK, JJ., concur.