George B. KERN and Richard P. Hume, Petitioners,

v.

Richard G. GEBHARDT, Public Trustee of the County of Boulder, State of Colorado, and Deward E. Walker, Jr., Respondents.

No. 86SC67.

Supreme Court of Colorado, En Banc.

Dec. 14, 1987.

Robinson & Mallon, P.C., James C. Mallon, Susan A. Stearns, Evergreen, for petitioners.

Hutchinson, Black, Hill & Cook, Forrest E. Cook, Heather Ryan, Boulder, for respondent, Richard G. Gebhardt, Public Trustee.

QUINN, Chief Justice.

The question in this case is whether the ten percent limitation on attorney fees in section 38–38–106, 16A C.R.S. (1982), applies to a proceeding to foreclose a deed of trust as to the entire indebtedness pursuant to a provision in the deed of trust granting the holder of the indebtedness the right to declare the whole of the indebtedness due and payable on default of any part of the obligation. In *Kern v. Gebhardt*, 717 P.2d 998 (Colo.App.1985), the court of appeals held that the ten percent limitation on attorney fees was applicable to such a proceeding. We now affirm the judgment.

## I.

The petitioners, George B. Kern and Richard P. Hume, are the beneficiaries of a deed of trust on real estate in Boulder County securing a promissory note from Deward E. Walker, Jr., to the petitioners for the principal sum of $7,000, payable in annual installments of $700 a year or more with interest on the unpaid balance at 10½ percent payable monthly. Both the deed of trust and the promissory note granted the holder of the indebtedness the right to declare the whole indebtedness secured by the deed of trust due and payable on default of any payment of principal or interest. Walker failed to make the annual installment payment due on July 5, 1983, and the petitioners on October 14, 1983, after giving Walker notice of default and acceleration, commenced a foreclosure proceeding through the Public Trustee of Boulder County as to the entire indebtedness secured by the deed of trust. Prior to sale by the public trustee, the petitioners submitted their bid which included $5,358.95 for unpaid principal and interest and an additional $1,280.50 for attorney fees.

The public trustee declared the petitioners' bid unacceptable under section 38–38–106, 16A C.R.S. (1982), because the bid included attorney fees in excess of ten per-

cent of the whole of the indebtedness on which the foreclosure proceeding was based. The public trustee, however, agreed to permit the petitioners to bid the total amount at the sale on the condition that in the event of a redemption the disputed portion of the attorney fees, which amounted to $744.60, would be put in escrow until the court determined whether the attorney fees in excess of ten percent of the sum for which the property was foreclosed were permissible under section 38–38–106. Walker subsequently redeemed the property by tendering to the public trustee the full amount of indebtedness due and owing, and the disputed amount of attorney fees was placed in escrow by the public trustee.

The petitioners thereafter filed a declaratory judgment action in the District Court of Boulder County against the public trustee, who is the respondent here. In that action the petitioners sought a declaration that the ten percent limitation on attorney fees in section 38–38–106 was not applicable to a foreclosure as to the entire indebtedness and requested an order releasing the escrowed money to them. The public trustee moved to dismiss the complaint for failure to state a claim for relief. The district court granted the motion and the petitioners appealed. In affirming the judgment, the court of appeals held that the ten percent limitation on attorney fees in section 38–38–106, 16A C.R.S. (1982), applied to a proceeding to foreclose a deed of trust as to the entire indebtedness, when, as here, the deed of trust granted the holder of the indebtedness the right to declare the whole of the indebtedness due and payable on default of any part of the obligation. We thereafter granted certiorari to consider the court of appeals' construction of section 38–38–106.

## II.

Before addressing the issue of statutory construction, it will be helpful to place section 38–38–106 in the context of the statutory scheme dealing with a foreclosure proceeding pursuant to an acceleration clause in a deed of trust. This statutory scheme was originally enacted in 1927, ch. 132,

secs. 2–6, 1927 Colo.Sess.Laws 493, 493–95, and remained unchanged through numerous legislative reenactments until 1987, when the General Assembly adopted amendments that substantially affected the attorney fee limitation. Ch. 278, secs. 4 and 5, §§ 38–38–105 and –106, 1987 Colo. Sess.Laws 1340, 1342.

The pre–1987 version of sections 38–38–105 and –106, 16A C.R.S. (1982), provided in pertinent part as follows:

§ 38–38–105. The term mortgage, as used in sections 38–38–105 to 38–38–110, shall be construed to include both mortgages and trust deeds upon real estate ... and to include all such instruments made before or after March 12, 1927. Said sections shall apply only to mortgages giving the right to declare the whole indebtedness due and payable on default of the payment of any part thereof.

§ 38–38–106. Any mortgage securing an obligation payable by installments may at the option of the holder be foreclosed as to any one or more past due installments of principal or interest, together with any sums advanced by the holder pursuant to the terms of the mortgage for taxes, insurance, liens, assessments, or similar charges, as if such mortgage were given to secure separately each of such past due installments. In no foreclosure authorized by sections 38–38–105 to 38–38–110 shall attorney's fees be allowed for a total amount exceeding ten percent of the sum for which the property is thus foreclosed. Not more than one foreclosure proceeding provided for in sections 38–38–105 to 38–38–110 may be commenced in a period of twelve months.

Sections 38–38–107 through 38–38–109, 16A C.R.S. (1982), are directed specifically to a foreclosure as to past due installments only, rather than the entire indebtedness, and employ the term "such foreclosure" in that context. Section 38–38–107, for example, preserves the lien of the mortgage as to any remaining obligation and makes the title acquired by "such foreclosure" subject

to the lien for the remaining obligation. This section further states:

> [A]t any time after the commencement of such foreclosure proceeding and until the period of redemption has expired, the balance of the indebtedness secured by such mortgage and not included in the foreclosure proceeding may be paid in full by the payment of the amount actually due at the time of such payment or tender of payment and without penalty or advance interest.

In similar fashion, section 38–38–108, 16A C.R.S. (1982), provides that the redemption from "such foreclosure." shall have the same effect as if the foreclosure had been that of an independent mortgage. Section 38–38–109, 16A C.R.S. (1982), echoes the same theme by preventing the doctrine of merger from operating to extinguish the lien for the remaining obligation in the event the holder of the mortgage acquires title by virtue of "such foreclosure."

In contrast to the "such [installment] foreclosure" limitations in sections 38–38–107 to 38–38–109, section 38–38–110, 16A C.R.S. (1982), states that "[n]othing in sections 38–38–105 to 38–38–110 shall be construed to prevent the holder of the indebtedness secured by any such mortgage from exercising any option contained therein to declare the whole of such indebtedness due and payable."

In 1982 the General Assembly reenacted all of the above provisions in the 1982 Replacement Volume 16A of the 1973 Colorado Revised Statutes, and in 1987 amended sections 38–38–105 and 38–38–106. Section 38–38–105, 16A C.R.S. (1987 Supp.), now states:

> The term mortgage, as used in sections 38–38–105 to 38–38–110, shall be construed to include both mortgages and trust deeds upon real estate, water rights, and water stocks and to include all such instruments made before or after March 12, 1927. Said sections shall apply only to mortgages giving the right to declare the whole indebtedness due and payable on default of the payment of

any part thereof *and to foreclosure proceedings based upon one or more past due installments without declaring the whole indebtedness due and payable.*

(Emphasis added). Section 38–38–106, 16A C.R.S. (1987 Supp.), was amended in similar fashion to read as follows:

> Any mortgage securing an obligation payable by installments may, at the option of the holder, be foreclosed as to any one or more past due installments of principal or interest, together with any sums advanced by the holder pursuant to the terms of the mortgage for taxes, insurance, liens, assessments, or similar charges, as if such mortgage were given to secure separately each of such past due installments. In no foreclosure *based upon one or more past due installments without declaring the whole amount due* as authorized by sections 38–38–105 to 38–38–110 shall attorney fees be allowed for a total amount exceeding ten percent of the sum for which the property is thus foreclosed. Not more than one foreclosure proceeding *based upon one or more past due installments without declaring the whole amount due* as provided for in sections 38–38–105 to 38–38–110 may be commenced in a period of twelve months.

(Emphasis added). These amendments became effective July 1, 1987, and "apply to foreclosure actions commenced on or after said date." Ch. 278, sec. 11, 1987 Colo. Sess.Laws 1340, 1345.

### III.

■ The petitioners argue that the pre-1987 version of section 38–38–106, when read in conjunction with sections 38–38–105 through 38–38–110, lead inevitably to the conclusion that the ten percent limitation on attorney fees in section 38–38–106 was intended to apply only to a foreclosure proceeding based on a default of one or more past due installments. Although the petitioners' argument is not without some measure of plausibility,[1] we believe the more

---

1. A related argument for restricting the ten percent limitation on attorney fees in section 38– 38–106, 16A C.R.S. (1982), was made by Willis V. Carpenter in the February 1984 edition of the

compelling construction of this statute is that the ten percent limitation applies as well to a proceeding to foreclose on the entire indebtedness pursuant to a right granted in the deed of trust permitting the holder of the indebtedness to declare the whole of the indebtedness due and payable on default of the payment of any part of the obligation. The text and structure of the statutory scheme lead us to this conclusion.

### A.

■■■ Our primary task in construing a statute is to determine and give effect to the intent of the General Assembly. *E.g., Engelbrecht v. Hartford Accident and Indem. Co.,* 680 P.2d 231, 233 (Colo.1984). To discern legislative intent, we look primarily to the language of the statute itself and then give effect to these statutory terms in accordance with their commonly accepted meaning. *E.g., Harding v. Industrial Comm'n,* 183 Colo. 52, 59, 515 P.2d 95, 98 (1973). When the statutory language is plain, it should not be subjected to a strained or forced interpretation. *Id.*

Section 38–38–105 unequivocally states that sections 38–38–105 to 38–38–110 apply "only to mortgages giving the right to declare the whole indebtedness due and payable on default of the payment of any part thereof." In enacting sections 38–38–105 to 38–38–110, the General Assembly was obviously aware that certain provisions would necessarily be limited to installment foreclosures only, as is evidenced by the term "such foreclosure" used in sections 38–38–107, 38–38–108, and 38–38–109. No such qualifying language, however, appears in section 38–38–106 with respect to attorney fees. That section unequivocally

states that "[i]n no foreclosure authorized by sections 38–38–105 to 38–38–110 shall attorney's fees be allowed for a total amount exceeding ten percent of the sum for which the property is thus foreclosed." Expressly included within the foreclosures authorized by sections 38–38–105 to 38–38–110 is a foreclosure proceeding for the entire indebtedness pursuant to a provision in a deed of trust giving the holder of the indebtedness the option "to declare the whole of such indebtedness due and payable." § 38–38–110, 16A C.R.S. (1982).

We thus can reasonably assume that if the General Assembly intended the ten percent limitation on attorney fees to apply only to foreclosure proceedings based on a default of a past due installment, it would have so stated. In the absence of any such qualifying language in section 38–38–106, we see no reason to interpret the ten percent limitation on attorney fees in a manner other than in accordance with the plain terms dictated by the statute—that is, as applicable to all foreclosure proceedings authorized by section 38–38–105 to 38–38–110, including a foreclosure based on a provision in a deed of trust granting the holder of the indebtedness the right to declare the whole of such indebtedness due and payable in default of any part of the obligation.

### B.

■■ Our conclusion finds support in the judicial construction placed on the pre–1987 version of section 38–38–106 by the Colorado Court of Appeals in *Rowe v. Tucker,* 38 Colo.App. 532, 560 P.2d 843 (1977). In that case, which involved a foreclosure as to the entire indebtedness secured by the deed of trust, the court of appeals concluded that the trial court properly limited "the attor-

Colorado Lawyer. *See* Carpenter, *Attorney Fees in Foreclosure—Are they Limited to 10 Percent?,* 13 Colo. Lawyer 226 (1984). In that article the author states that section 38–38–106 was enacted in 1927 in the midst of the farm depression in order to permit a bank to foreclose on one installment only, thereby giving the debtor a chance to bring the loan current during the period of redemption. Upon the debtor's failure to do so, the bank could then obtain the public trustee's or sheriff's deed but at the same

time preserve its lien for the balance of the indebtedness secured by the mortgage. It is in light of this purpose that the author argues that the ten percent limitation on attorney fees in section 38–38–106 applies only in the case of a foreclosure on one or more installments without acceleration of the entire balance of indebtedness. For reasons stated in our opinion, however, we find that the text and structure of the statutory scheme point to a different interpretation.

ney's fees recoverable in connection with the foreclosure to 10% of the sum for which the property was foreclosed," since, in the court's view, such a limitation was mandated by section 38–38–106. 38 Colo. App. at 537, 560 P.2d at 847.[2] While the court of appeals' decision in *Rowe* is not binding on this court, we nonetheless are reluctant, at least in the absence of more compelling reasons than are present here, to undo a decision that for ten years has represented the only appellate construction of the attorney fee limitation in the pre–1987 version of section 38–38–106. Considerations of uniformity, certainty, and stability—the objectives of the doctrine of *stare decisis*—militate against reversing the settled rule of *Rowe. See Creacy v. Industrial Comm'n,* 148 Colo. 429, 433, 366 P.2d 384, 386 (1961).

Moreover, when the legislature reenacts a statute that has been subjected to judicial construction, "the force and effect of such construction remains an integral part of the re-enacted statute." *Creacy,* 148 Colo. at 435, 366 P.2d at 387; *see also In re Estate of Daigle,* 634 P.2d 71, 76 (Colo.1981); *Moorehead v. John Deere In-*

*dus. Equip. Co.,* 194 Colo. 398, 401, 572 P.2d 1207, 1209 (1977). It may reasonably be presumed that the General Assembly, in reenacting the identical language of section 38–38–106 in the 1982 Replacement Volume 16A of the 1973 Colorado Revised Statutes, acquiesced in the judicial construction placed on the attorney fee limitation by the court of appeals in its *Rowe* decision, and continued to acquiesce in that interpretation of the statute until the 1987 amendments were enacted. *See, e.g., Daigle,* 634 P.2d at 76; *Industrial Comm'n v. Milka,* 159 Colo. 114, 120, 410 P.2d 181, 184 (1966). By amending section 38–38–106 in 1987 so as to expressly restrict the ten percent attorney fee provision to "foreclosure proceeding[s] based upon one or more past due installments without declaring the whole amount due," ch. 278, sec. 5, § 38–38–106, 1987 Colo.Sess.Laws 1340, 1342, the General Assembly indicated its intent to change the law with respect to foreclosures commenced on or after July 1, 1987. *See, e.g., Charnes v. Lobato,* 743 P.2d 27, 30 (Colo. 1987); *Bar 70 Enterprises, Inc. v. Tosco Corp.,* 703 P.2d 1297, 1304 n. 5 (Colo.1985); 1A Sutherland's Statutory Construction § 22.30 (Sands 4th ed. 1985).[3] The pre–

---

**2.** The petitioners argue that the court of appeals' decision in *Rowe* is irreconcilably in conflict with its decision in *Jacobs Invs. v. PRD Holdings, Ltd.,* 44 Colo.App. 184, 612 P.2d 1149 (1980). In *Jacobs,* however, the court of appeals identified the issue as whether "a grantor of a deed of trust may, under § 38–39–118, C.R.S. 1973 (1979 Cum.Supp.), cure a second default on the note [secured by] the deed of trust." 44 Colo.App. at 185, 612 P.2d at 1150. In holding that the grantor of the deed of trust could cure a second default, the court of appeals rejected the argument that section 38–38–106 precluded the commencement of more than one foreclosure action within a twelve month period, stating that "[t]his section applies only to the situation where there is a foreclosure for non-payment of an installment without any attempt to accelerate." 44 Colo.App. at 186, 612 P.2d at 1151. In no place in its opinion, however, did the court of appeals consider the effect of the ten percent limitation on attorney fees in section 38–38–106.

Our construction of the ten percent attorney fee limitation in section 38–38–106 as applicable to a proceeding to foreclose on a deed of trust for the entire indebtedness should not be read to compel the conclusion that the limitation of one foreclosure per year also applies to foreclosures as to the entire indebtedness. Although we need not and do not decide the issue

here, we note in passing that section 38–38–110, 16A C.R.S. (1982), states that "[n]othing in sections 38–38–105 to 38–38–110 shall be construed to prevent the holder of the indebtedness secured by any such mortgage from exercising any option contained therein to declare the whole of such indebtedness due and payable." The argument might be made that, in light of section 38–38–110, the limitation of one foreclosure during the twelve month period in section 38–38–106 was not intended to prohibit the holder of the indebtedness from exercising the option, expressly referred to in section 38–38–110, to declare the whole of the indebtedness due and payable on default of any part of the obligation, even though a foreclosure as to one or more past due installments had been commenced during the preceding twelve month period. We intimate nothing regarding the validity of that argument.

**3.** We recognize that the presumption of an intent to change the law is not applicable when the statutory amendment merely clarifies the preexisting statute. *See Bar 70 Enterprises, Inc. v. Tosco Corp.,* 703 P.2d 1297, 1304 n. 5 (Colo. 1985); *People v. Hale,* 654 P.2d 849, 851 (Colo. 1982). The legislative history surrounding the 1987 amendments, while somewhat sparse, is nonetheless quite consistent with a legislative

1987 version of section 38–38–106, however, as applicable to foreclosures commenced prior to July 1, 1987, remains unaffected by the 1987 amendments.

In summary, we conclude that the ten percent limitation on attorney fees in the pre–1987 version of section 38–38–106 applies to a proceeding to foreclose a deed of trust as to the entire indebtedness based on a provision in the deed of trust granting the holder of the indebtedness the right to declare the whole of the indebtedness due and payable on default of any part of the obligation. The judgment of the court of appeals is accordingly affirmed.

KIRSHBAUM, J., does not participate.

intent to repudiate the construction which the court of appeals placed on section 38–38–106 in *Rowe v. Tucker,* 38 Colo.App. 532, 560 P.2d 843 (1977), and more recently in the instant case. The 1987 amendments to sections 38–38–105 and –106 were referred to the House Committee on Business Affairs and Labor. At a committee hearing on March 3, 1987, Rep. Charles Berry, the House sponsor of the bill, introduced Mr.

Charles Rhyne, an attorney with a Denver law firm, as the actual drafter of the amendments. In referring to a court of appeals' decision which applied the ten percent attorney fees limitation to all foreclosures, Mr. Rhyne stated that "most attorneys felt that law applied only to foreclosures of installments without acceleration, but the court has held otherwise. This is to put it back like we all thought it was."