**HURST CONSTRUCTION COMPANY and United States Fidelity & Guaranty Company, Petitioners,**

v.

**Bruce A. RAMEY, Darrell Slater d/b/a Custom Farm Service, the Industrial Claim Appeals Office of the State of Colorado, and the Colorado Division of Labor, Respondents.**

No. 90CA680.

Colorado Court of Appeals,
Div. I.

May 23, 1991.

Rehearing Denied June 20, 1991.

Certiorari Denied Dec. 23, 1991.

Glasman, Jaynes & McBride, Ronald C. Jaynes, Lydia W. Daugherty, Denver, for petitioners.

Sarney, Trattler & Waitkus, P.C., Terry D. Gordon, Denver, for respondents Bruce A. Ramey and Darrell Slater d/b/a Custom Farm Service.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Jeanne Labuda, Asst. Atty. Gen., Denver, for respondents the Indus. Claim Appeals Office and the Colorado Div. of Labor.

Opinion by Judge RULAND.

Hurst Construction Company and the United States Fidelity & Guaranty Company seek review of the final order of the Industrial Claim Appeals Panel ruling that Hurst was not exempt from the Workers' Compensation Act under § 8-48-101(6), C.R.S. (1986 Repl.Vol. 3B) (now § 8-41-401(6), C.R.S. (1990 Cum.Supp.)). We affirm.

Hurst Construction Company entered into a contract to build roads. Because Hurst neither owned trucks nor employed truck drivers, it contracted out the gravel hauling required for the project to Darrell Slater, who owned a commercial truck. The contract price for hauling gravel was $42 per hour. Slater, in turn, hired Bruce Ramey, claimant, to drive the truck for an hourly wage. Ramey hauled eight to twelve loads of gravel a day for approximately six weeks. He was injured while working and sought workers' compensation.

The Panel initially ruled that Hurst was not claimant's statutory employer under § 8-48-101(1), C.R.S. (1986 Repl.Vol. 3B) (now § 8-41-401(1), C.R.S. (1990 Cum. Supp.)). This court reversed the Panel's ruling but remanded the case for further proceedings to determine whether Hurst was exempt from the Workers' Compensation Act under § 8-48-101(6). *Ramey v. Slater* (Colo.App. No. 88CA1562, August 24, 1989) (not selected for official publication).

Section 8-48-101(6) provided that:

"Notwithstanding any provision of this section to the contrary, any person, company, or corporation operating a commercial vehicle as defined in section 42-4-234(1)(a), C.R.S., who holds himself out as an independent contractor only to perform for-hire transportation, including loading and unloading, and who contracts to perform a specific transportation job, transportation task, or transportation delivery for another person, company, or corporation is not entering into an employee and employer relationship for purposes of workmen's compensation coverage pursuant to articles 40 to 54 of this title."

On remand, the Administrative Law Judge and the Panel both concluded that Hurst was not exempt under § 8-48-101(6), ruling that the delivery of eight to twelve loads a day for six weeks did not constitute "a specific transportation job, transportation task, or transportation delivery."

We reject Hurst's contention that the gravel hauling was a specific transportation job, task, or delivery within the scope of § 8-48-101(6).

A court's primary task in construing statutes is to ascertain the intent of the General Assembly. *Kern v. Gebhardt*, 746 P.2d 1340 (Colo.1987). Legislative history may be used to construe a statute when its meaning is unclear. *Charnes v. Boom*, 766 P.2d 665 (Colo.1988). This analysis may include comments by legislators and others during discussions of proposed legislation. *See City of Aspen v. Meserole*, 803 P.2d 950 (Colo.1990).

Resort to legislative history is appropriate here to determine the meaning of the phrase, "*a* specific transportation job, transportation task, or transportation delivery" because the words used may be interpreted to mean either one transportation

project (including more than one haul for that project) or a contract for one haul only.

 The legislative history in both the Senate and especially the House of Representatives reflects that the statute was intended to create a narrow exception to statutory employment status for independent transportation contractors who contract to make a single delivery. *See* Hearing on Senate Bill 132 before the Senate Committee on Transportation, 55th General Assembly, 1st Session (February 19, 1985); Hearing on Senate Bill 132 before the House Committee on Business Affairs and Labor, 55th General Assembly, 1st Session (March 19, 1985). Thus, we agree with the Panel that regular delivery of eight to twelve loads a day for six weeks is not a specific transportation job, task, or delivery as those terms are used in the statute.

We conclude that Hurst's contract with Slater was not within the scope of § 8–48–101(6). Because of our resolution of this issue, we need not address the remaining issues raised by the parties.

The order is affirmed.

PIERCE and DUBOFSKY, JJ., concur.