**William G. PARKER, Plaintiff–Appellee,**

v.

**Dennis LUTTRELL and Beverly J. Hilliard a/k/a Beverly Luttrell, Defendants–Appellants.**

No. 95CA1131.

Colorado Court of Appeals, Div. V.

Aug. 22, 1996.

Rehearing Denied Sept. 26, 1996.

Howard Morrison, Colorado Springs, for Plaintiff–Appellee.

Michael R. Bromley, P.C., Michael R. Bromley, Colorado Springs, for Defendants–Appellants.

Opinion by Judge RULAND.

Plaintiff, William G. Parker, filed this action to foreclose a deed of trust and to collect

sums claimed due on a promissory note signed by defendants, Dennis Luttrell and Beverly J. Hilliard. Defendants appeal from a judgment entered for plaintiff determining that $3,979.25 plus costs and attorney fees are due. We reverse.

Defendants executed the promissory note and deed of trust in connection with the purchase of certain real estate from plaintiff's predecessor. The note provided for 180 monthly installments commencing October 1978, with the last installment due September 1993.

Prior to 1988, defendants failed to make several monthly payments. Based upon these defaults, plaintiff's predecessor started a foreclosure proceeding in 1988 through the Public Trustee. Pursuant to § 38–39–118(1), C.R.S. (1982 Repl.Vol. 16A), defendants gave written notice of their intent to cure and thus terminate the foreclosure. Plaintiff's predecessor calculated the amount due to cure the defaults as required by § 38–39–118(2), C.R.S. (1982 Repl.Vol. 16A) and defendants paid this amount in full on March 22, 1988. Thereafter, defendants resumed making monthly payments.

The promissory note and deed of trust were assigned to plaintiff in 1990. After making the monthly payments required by the note through September 1993, defendants demanded the release of the deed of trust. Plaintiff refused, claiming that money was still owed on the note because the cure amount was miscalculated in 1988.

Plaintiff then filed this action on May 20, 1994. Defendants answered asserting, among other things, that the applicable statute of limitations barred plaintiff's claim.

The case was submitted to the court based upon a stipulated statement of facts, affidavits, and written briefs. The trial court concluded that the 1988 cure prevented plaintiff from foreclosing on the deed of trust. However, the court also determined that plaintiff was entitled to collect the arrearages claimed on the note which had accrued prior to the 1988 cure and entered judgment accordingly.

I.

■ Defendants contend that the trial court erred in rejecting their affirmative defense that the six-year statute of limitations contained in § 13–80–103.5, C.R.S. (1987 Repl.Vol. 6A) barred plaintiff's claim. We agree.

Section 13–80–103.5 provides:

(1) The following actions shall be commenced within six years after the cause of action accrues, and not thereafter:

(a) ... [A]ll actions for the enforcement of rights set forth in any instrument securing the payment of or evidencing any debt. . . .

In *In re Application of Church*, 833 P.2d 813, 814 (Colo.App.1992), a division of this court held that "if a money obligation is payable in installments, a separate cause of action arises on each installment and the statute of limitations begins to run against each installment when it becomes due." However, plaintiff attempts to avoid the holding in *Church* by arguing that, in effect, the monthly payments defendants made after the 1988 cure constitute part payments on the debt which tolled the statute of limitations.

■ Partial payment of a debt may, under appropriate circumstances, preclude the debtor from relying upon the statute of limitations. To have this effect, however, the payment must constitute a voluntary acknowledgement of the debt from which the law can imply a new promise to pay the remaining balance. *Drake v. Tyner*, 914 P.2d 519 (Colo.App.1996); *see also Holmquist v. Gilbert*, 41 Colo. 113, 92 P. 232 (1907).

Here, there is nothing in the record to suggest any awareness by defendants that the cure figure was wrong, and indeed, defendants allege that the note has been paid in full. Hence, the monthly payments made after the 1988 cure may not be characterized as representing a new promise to satisfy the earlier defaults.

On the other hand, a division of this court in *Foothills Apartments v. Fischer*, 693 P.2d 395, 397 (Colo.App.1984), addressed the legal effect of a cure under § 38–39–118(1)(a),

C.R.S. (1982 Repl.Vol. 16A) in another context and held that:

A default is either cured or it is not cured. And if it is 'cured,' then it is as if no default took place. Thus, the effect of the [debtor's] curing the default under the statute was to put the parties in the same position as they would have been had no default occurred.

Hence, notwithstanding the rule in *Church,* under the circumstances here, we conclude that the statute of limitations must be deemed to commence running on the date of the cure as to any installment payments due prior to that date. Otherwise, the cure would not accomplish the statutory purpose.

Accordingly, the judgment is reversed, and the cause is remanded with directions to enter judgment dismissing plaintiff's complaint with prejudice.

CASEBOLT and ROY, JJ., concur.